ON PETITION FOR ASSESSMENT OF AN ATTORNEY’S FEE AND ON MOTION TO STRIKE
SACK, Judge.
The appellants have filed their petition for the assessment of an attorney’s fee for their attorneys’ services rendered in connection with the appeal in this case. The appellants are the landowners, and in Smith et al. v. City of Tallahassee, 191 So.2d 446, opinion filed October 4, 1966, we reversed the judgment of the lower court and remanded for a new trial.
At the time of the commencement of this action F.S. § 73.16, F.S.A., provided that all costs of the proceeding including a reasonable attorney’s fee, should be assessed by the court, meaning the trial court. Since then, effective October 1, 1965, F.S. § 73.131, F.S.A., provides that upon appeal a reasonable attorney’s fee is to be assessed by the appellate court.
Two of the factors required to be considered in the award of an attorney’s fee are the degree of success and the amount involved. At this stage of the proceedings we cannot determine either of these factors, since the jury may award no more upon the retrial, in which event the appellants would simply have gone up the hill and come down again, and as to the second factor, the amount involved may run all the way from the City’s low appraisal to a sum in excess of $100,000 if the jury accepts the appellants’ view on severance damage.
We feel that the matter of the award of fees for services in this court should be considered by the trial court at the conclusion of these proceedings, taking into consideration the factors discussed above. Reading F.S. § 73.091, F.S.A., in pari materia with F.S. § 73.131, F.S.A., we are of the view that the provisions in the latter section are simply directory and not mandatory upon this court; that from a practical standpoint and in the interest of complete justice, the assessment of fees *382 would best be done by the trial court; and we accordingly deny the petition for assessment of attorney’s fee, without prejudice to its presentation in the lower court upon the conclusion of these proceedings.
What we have said disposes of the appellee’s motion- to strike the petition for fees upon the ground that it was not timely filed,' and such motion is hereby denied.
WIGGINTON, Acting C. J., and JOHNSON, J., concur.