PIERCE, Judge.
This is an appeal by appellant Florida Board of Parks and Historic Memorials, a component agency of the State of Florida, from a final order dismissing the Board’s petition in eminent domain.
On December 12, 1966, the Board filed its petition in the Lee County Circuit Court seeking to acquire certain described real property in that county by eminent domain proceedings. The property sought to be acquired consisted of lands on Mound Key which were not contiguous to any land under the Board’s jurisdiction as of July 1, 1949. Defendants in the Circuit Court proceeding were the private owners of the property in question, and they filed motion to dismiss the petition on the grounds that condemnation of their property was not authorized by applicable State statutes. Upon hearing the Court granted the motion and entered final order dismissing the cause, holding that—
“[ujpon * * * consideration it appears to the court that, by virtue of Section 592.07, Florida Statutes, the plaintiff’s power of condemnation is limited to the acquisition of property for park purposes to property which was contiguous to areas under the jurisdiction of the plaintiff board on July 1, 1949, in the absence of express legislative approval. It affirmatively appears that the within areas now under the jurisdiction of the plaintiff board which are contiguous to the *461 property sought to be condemned herein were not on said statutory date under the jurisdiction of said board, nor has the legislature granted its express approval for condemnation thereof.”
The petitioner Board had appealed said final order to this Court, contending that the trial Court erroneously construed the statutes involved. We agree with the Circuit Court and therefore affirm.
F.S. Section 592.01, F.S.A. creates the petitioner Board as “a department of State government”. F.S. Section 592.07(1), F.S.A. empowers the Board—
“ * * * to acquire, in the name of the state, any property * * * by * * * condemnation * * * in which in its judgment may be necessary or proper * * * ; provided, that the power of condemnation as herein granted is limited to the acquisition of property or property rights which may be required for park purposes and which are contiguous to areas under the jurisdiction of the board on July 1, 1949. Express legislative approval is required for the acquisition by condemnation of any new area * * * which the board may desire for the purposes set forth in this chapter.” (Emphasis supplied).
F.S. Section 592.074, F.S.A. provides the “procedure” for the exercise of such right of condemnation as follows:
“Whenever the Florida Board of parks and historic memorials shall find it necessary to acquire private property for state parks, or rights-of-way for state parks, or for exercising any of the powers and duties authorizing and prescribed by law to be exercised and performed by the board, the said Florida Board of parks and historic memorials is hereby empowered and authorized to exercise the right of eminent domain and to proceed to condemn said property in the same manner as provided by law for the condemnation of private property by counties.”
The Board contends, through an involved process of statutory chronology, that Section 592.074 must be construed as an independent, and to the extent here applicable and exclusive, statutory power vested in the Board, not subject to the limitations expressed in Section 592.07.
We cannot accept such contention of the Board. All Sections of F.S. Ch. 592, F.S.A., which deal with “the Board of Parks and Historic Memorials” must be read together and construed in pari materia. Since the last material change in any of said sections, there have been several sessions of the legislature during which it has not seen fit to make further changes. At each biannual session the legislature has re-enacted current compilations of “Florida Statutes” and the sections have been expressly retained as hereinbefore set out. See State ex rel. Badgett v. Lee, 1945, 156 Fla. 291, 22 So.2d 804. The final order appealed is affirmed.
Attorneys for Appellees filed in this Court Motion for Attorneys’ fee and asked this Court to assess the amount thereof pursuant to Section 73.131, Florida Statutes 1967, F.S.A. Said Section 73.131 was originally enacted as Laws of 1965, c. 65-369, § 1, and provides inter alia that “the petitioner shall pay all reasonable costs of the proceedings in the appellate court, including a reasonable attorney’s fee to be assessed by that court, * * * The 1st District Court, in Smith v. City of Tallahassee, Fla.App.1966, 198 So.2d 380, held this statute to be merely directory and not mandatory upon the reviewing Court. We agree with the 1st District Court and accordingly deny the petition for assessment of attorneys’ fee here, but without prejudice to its presentation in the lower Court upon the going down of our mandate herein.
ALLEN, Acting C. J., and HOBSON, J., concur.