MANN, Judge.
The State Road Department sought review here of a discovery order. We denied certiorari without opinion. Fla.Stat. § 73.131, F.S.A. (1969) states that the condemning authority “shall pay all reasonable costs of the proceedings in the appellate court, including a reasonable attorney’s fee to he assessed by that court, * * * ” (emphasis supplied)
The trial court assessed costs and fees after this court declined to do so, and the Road Department now claims this was error.
We thought Judge Pierce’s opinion in Florida Board of Parks and Historic Memorials v. Collier, Fla.App.2d 1968, 213 So.2d 460, following the First District decision in Smith v. Tallahassee, 1966, 198 So.2d 380, had made the proper procedure clear. The fee is allowed by legislative mandate, not judicial grace, and we have no right to ignore the statute. We do have the power to refer factual determinations to trial courts. Perhaps purists would insist that we must follow the cumbersome procedure of appointing the trial judge as a commissioner, in which case his findings would be reported and the costs order entered here. As a purely grammatical matter, the Road Department has a point. Common sense tells us that literal compliance is unworkable. For this reason, statutory specification of the forum in which costs are assessed is held directory and not mandatory. Smith v. Tallahassee, supra.
The trial judge did right. He followed the mandate of the statute in accordance with the procedure approved by this court. After this mandate goes down he will again determine how much the petitioner must pay for these proceedings.
Affirmed.
PIERCE, C. J., and HOBSON, J., concur.