ON MOTION FOR REHEARING
BOYER, Acting Chief Judge.
Appellee, Frank A. Ford, has filed a motion for rehearing directed only to the concluding paragraph of the foregoing opinion wherein we recited that appellee is not entitled to attorney’s fees nor costs incident to appeal.
Upon reexamination of the facts of this case, the avenue by which it reached this court, and the applicable statutory and case law, we conclude that Ford’s petition for rehearing is well founded. We therefore recede from our denial of attorney’s fees and costs incident to this appeal.
F.S. 73.131(2) provides as follows:
“The petitioner shall pay all reasonable costs of the proceedings in the appellate court, including a reasonable attorney’s fee to be assessed by that court, except upon an appeal taken by a defendant in which the judgment of the trial court shall be affirmed.”
The fee authorized by F.S. 73.131(2) is allowed by legislative mandate, not judicial grace, and this court does not have the right to ignore the statute. State Road Department of Florida v. Hancock, 250 So.2d 307, 308 (Fla. 2nd DCA 1971).
Further, appellee Ford is entitled to an attorney’s fee for services rendered by his counsel on appeal in this appellate court notwithstanding that the condemnor, State of Florida Department of Natural Resources, was the successful party on appeal. State Road Department v. Levato, 199 So.2d 714 (Fla.1967). As the Florida Supreme Court in Levato stated:
“The language of the statute is clear and the district court operated within its orbit in allowing compensation to the attorney for the owner in defending the judgment of the lower court even though such appeal resulted in a reversal. The Legislature provided one exception to the rule of payment and that is where an appeal is taken by a defendant in which the judgment of the trial court is affirmed, but this exception does not apply to the facts in this case.” (199 So.2d at page 717)
We adhere to our conclusions as reached in the foregoing opinion on the merits: We recede from our holding with reference to attorney’s fees and costs incident to this appeal. In conformity with the procedures suggested by this court in Smith v. Tallahassee, 198 So.2d 380 (Fla. 1st DCA 1966) and recognized by the Supreme Court of Florida in City of Hallandale v. Chatlos, 236 So.2d 761 (Fla.1970), we further remand to the trial court for determination of the value of attorney’s fees and costs to be fixed incident to appellate proceedings in this case.
IT IS SO ORDERED.
SMITH and BOOTH, JJ., concur.