389 So.2d 201 (1980)
Richard S. DENMARK et al., Petitioners,
v.
STATE of Florida DEPARTMENT OF TRANSPORTATION, Respondent.
No. 56373.
Supreme Court of Florida.
July 10, 1980.
Rehearing Denied September 17, 1980.
Kelly, Black, Black, Wright & Earle, P.A., Miami, Brown, Paxton & Williams, Fort Pierce, and Sam Daniels of Daniels & Hicks, Miami, for petitioners.
Alan E. DeSerio, Oval B. Boone and H. Reynolds Sampson, Tallahassee, for respondent.
SUNDBERG, Chief Justice.
We granted certiorari[1] in this cause to review the January 13, 1979 order of the District Court of Appeal, Fourth District, denying appellate attorneys' fees to petitioners/condemnees. We now disapprove the above order.
After a jury verdict of $48,000 in this eminent domain proceeding, the trial judge entered a judgment notwithstanding the verdict of $229,850 in severance damages to petitioners. Respondent/condemnor appealed the award to the District Court of Appeal, Fourth District, which reversed. State Dept. of Transportation v. Denmark, 366 So.2d 476 (Fla. 4th D.C.A. 1979). In a separate order, the district court denied petitioners' motion for appellate attorneys' fees.
Section 73.131(2), Florida Statutes (1979), provides:
The petitioner shall pay all reasonable costs of the proceedings in the appellate court, including a reasonable attorney's fee to be assessed by that court, except upon an appeal taken by a defendant in which the judgment of the trial court shall be affirmed.
Faced with the identical statutory provision and similar factual circumstances, we held in State Road Dept. v. Levato, 199 So.2d 714 (Fla. 1967), that the condemnee was entitled to attorneys' fees even though the condemnor prevailed on appeal. Accord, State Road Dept. of Florida v. Hancock, 250 So.2d 307 (Fla. 2d D.C.A. 1971). Petitioners are thus entitled to an attorneys' fee for appellate services in this case.
Accordingly, the order of the District Court of Appeal, Fourth District, denying attorneys' fees is quashed. The cause is remanded to that court for proceedings not inconsistent with this opinion.
It is so ordered.
ADKINS, BOYD, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const. (1972).