511 So.2d 975 (1987)
Wallace SALLEY, et al., Petitioners,
v.
CITY OF ST. PETERSBURG, Etc., Respondent.
No. 69306.
Supreme Court of Florida.
July 16, 1987.
Rehearing Denied September 25, 1987.
*976 H. Rex Owen and Bruce Crawford of the Law Offices of H. Rex Owen, and Richard A. Zacur, St. Petersburg, for petitioners.
Michael S. Davis, City Atty. and William N. Drake, Jr., Asst. City Atty., St. Petersburg, for respondent.
GRIMES, Justice.
We accepted jurisdiction in this case to review an order which is in apparent conflict with Denmark v. State Department of Transportation, 389 So.2d 201 (Fla. 1980). Art. V, § 3(b)(3), Fla. Const.
The City of St. Petersburg filed an action to condemn certain property owned by the petitioners as successor trustees of a Masonic Lodge. The petitioners were awarded $224,588.50 for the condemned property. On appeal, the Second District Court of Appeal reversed the judgment because the court had employed an improper method of valuation. City of St. Petersburg v. Clark, 492 So.2d 685 (Fla. 2d DCA 1986). By separate unpublished order, the district court denied petitioners' motion for attorney's fees. We deal only with that order.
Section 73.131(2), Florida Statutes (1985), provides:
The petitioner shall pay all reasonable costs of the proceedings in the appellate court, including a reasonable attorney's fee to be assessed by that court, except upon an appeal taken by a defendant in which the judgment of the trial court shall be affirmed.
In Denmark this Court construed section 73.131(2) to require the payment of appellate attorney's fees even in cases where the property owner loses the appeal, provided the appeal was taken by the condemning authority.
The city concedes that under ordinary circumstances petitioners were entitled to appellate attorney's fees. However, the city points out that petitioners' motion for attorney's fees did not specify the grounds upon which they made their claim. Florida Rule of Appellate Procedure 9.400(b) states:
(b) Attorney's Fees. A motion for attorney's fees may be served not later than the time for service of the reply brief and shall state the grounds upon which recovery is sought. The assessment of attorney's fees may be remanded to the lower tribunal. If attorney's fees are assessed by the court, the lower tribunal may enforce payment.
(Emphasis added.) The failure to comply with the requirements of this rule has been deemed a sufficient basis to deny a motion for attorney's fees. Dooley v. Culver, 370 So.2d 1154 (Fla. 4th DCA 1978). See Lehigh Corp. v. Byrd, 397 So.2d 1202 (Fla. 1st DCA 1981).
Petitioners respond by referring to Behm v. Division of Administration, Department of Transportation, 288 So.2d 476 (Fla. 1974), in which this Court granted a motion for attorney's fees in a condemnation action over the objection that it had not been timely filed under the appellate rules. The Court said that when an award of fees is mandatory rather than discretionary, no motion for attorney's fees is necessary. However, the Court made that observation in the course of analyzing former Florida Rule of Appellate Procedure 3.16(e) which then provided for the filing of motions for attorney's fees which were "allowable by law." The Court reasoned that the rule was inapplicable in cases such as eminent domain where the payment of attorney's fees was mandatory.
The current appellate rule on attorney's fees serves a laudable purpose. The filing of a motion for attorney's fees is necessary to direct the court's attention to the need to rule on that issue. In recent years, the legislature has enacted many new provisions authorizing the payment of attorney's fees under certain circumstances. Unless the authority upon which the fees are *977 sought is set forth in the motion, the court may not realize the basis upon which the claim is being made.
Therefore, we hold that the failure to file a motion for attorney's fees in accordance with Florida Rule of Appellate Procedure 9.400(b) is a proper basis for the denial of attorney's fees on appeal. However, our ruling should not be construed to mean that an appellate court is precluded from making a lawful award of attorney's fees if the requirements of rule 9.400(b) are not met. We recede from the comment in Behm that no motion is necessary when an award of attorney's fees is mandatory.
Applying these principles to the case at hand, it is evident that the petitioners' motion for attorney's fees was legally insufficient. Therefore, we affirm the order denying the motion for attorney's fees.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and KOGAN, JJ., concur.