775 So.2d 921 (2000)
UNITED SERVICES AUTOMOBILE ASSOCIATION, Petitioner,
v.
John G. PHILLIPS, etc., Respondent.
Reliance Insurance Company, et al., Petitioner,
v.
Skilled Services Corporation, Respondent.
Nos. SC96796, SC00-61.
Supreme Court of Florida.
September 21, 2000.
Rehearing Denied December 18, 2000.
*922 Kimberly Staffa Mello and David J. Abbey of Fox, Grove, Abbey, Adams, Byelick & Kiernan, L.L.P., St. Petersburg, Florida; and Thomas R. Shahady and John J. Shahady of Houston & Shahady, P.A., Fort Lauderdale, Florida, for Petitioners.
Roy L. Glass, St. Petersburg, Florida; and Terry L. Hirsch and Leonard S. Englander of Englander & Fischer, P.A., St. Petersburg, Florida, for Respondents.
PER CURIAM.
The above-styled cases were submitted to the Court for determination of jurisdiction based on express and direct conflict, pursuant to article V, section 3(b)(3), Florida Constitution.[1] Upon review, we determine that no such conflict exists. We therefore deny review in both cases.
Having concluded that no express and direct conflict exists, we find it necessary to address the motions filed by the prevailing parties for attorney's fees for services rendered in this Court. Respondents Phillips and Skilled Services, respectively, filed motions in this Court seeking attorney's fees, and in support both parties only referred to Florida Rule of Appellate Procedure 9.400, and orders entered in the district court below conditionally awarding attorney's fees.
Rule 9.400(b) states in pertinent part,:
(b) Attorney's Fees. A motion for attorney's fees ... shall state the grounds on which recovery is sought.
We interpret this language to require that a party seeking attorney's fees in an appellate court must provide substance and specify the particular contractual, statutory, or other substantive basis for an award of fees on appeal. It is simply insufficient for parties to only refer to rule 9.400 or to rely on another court's order in support of a motion for attorney's fees for services rendered in an appellate court. We specifically recede from Salley v. City of St. Petersburg, 511 So.2d 975 (Fla.1987), to the extent that it suggests that appellate fees may be awarded, even if a party fails to comply with the substantive requirements of Florida Rule of Appellate Procedure 9.400(b).
We intend for this policy to apply prospectively. Therefore, we award attorney's fees in these cases to Phillips and Skilled Services, respectively, but take this opportunity to clarify the requirements under our appellate rules for motions for attorney's fees.
It is so ordered.
*923 WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] We have consolidated these cases for disposition by one opinion.