786 So.2d 627 (2001)
Gary SHULER, Appellant,
v.
Christa DARBY, f/k/a Christa Shuler, Appellee.
No. 1D00-2019.
District Court of Appeal of Florida, First District.
May 1, 2001.
Opinion Granting Motion for Clarification June 12, 2001.
*628 Frank A. Baker, Marianna; and J. David House, Blountstown, for Appellant.
Paula L. Walborsky & Mari M. Presley, Tallahassee, for Appellee.
BROWNING, J.
The 15-year marriage of Gary Shuler (Former Husband), who is the appellant, and Christa Shuler, n/k/a Christa Darby (Former Wife), who is the appellee, was dissolved pursuant to a September 1992 final judgment that fully incorporated the parties' written marital settlement agreement. After Former Wife filed a September 1999 motion to enforce alleging that Former Husband was not complying with certain obligations mandated by the final judgment of dissolution of marriage, he petitioned to modify certain provisions in the divorce decree on the grounds of an alleged substantial change of circumstances, and he raised affirmative defenses. She moved to strike his petition for modification and his affirmative defenses. Upon notice of a hearing on the pending motions only, the trial court granted Former Wife's motions to strike the affirmative defenses and the petition for modification, granted final judgment on the pleadings in her favor, and denied Former Husband's motion ore tenus for leave to amend. The threshold question raised by Former Husband is whether the trial court erred procedurally as a matter of law in summarily granting final judgment on the pleadings, in the absence of a proper motion requesting such a judgment, adequate notice of a hearing requesting entry of final judgment, and an answer to Former Husband's petition for modification. We reverse the final judgment on the pleadings and remand with instructions to the trial court to afford Former Husband an opportunity to amend his pleadings.
*629 Due process principles apply to modification proceedings, including those addressing child custody and visitation. See Wilson v. Roseberry, 669 So.2d 1152 (Fla. 5th DCA 1996). Absent a motion requesting judgment on the pleadings, with adequate notice thereof, the entry of an order granting such relief is a denial of due process and constitutes reversible error. See Murphy v. Ridgard, 757 So.2d 607 (Fla. 5th DCA 2000) (father's dueprocess rights to notice and an opportunity to be heard on visitation modification petition were abridged by summary denial of his petition, as no motion seeking summary adjudication of petition was filed, and father never had opportunity to present evidence at a properly noticed hearing). For the following reasons, we conclude that the trial court denied due process to Former Husband by denying him a reasonable opportunity to be heard on his claims relating to primary residence and child support.
The entry of final judgment on the pleadings is governed by Florida Rule of Civil Procedure 1.140(c), which states:
(c) Motion for judgment on the pleadings. After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.
Rule 1.140 is expressly made applicable to family law cases. See Fla. Fam. L.R.P. 12.140. Former Wife never filed a motion for, or gave notice of a request for, the particular relief granted. The trial court granted a judgment on the pleadings prior to the filing of an answer to Former Husband's petition for modification, despite the fact that Rule 1.140(c) provides for such a motion only "[a]fter the pleadings are closed." The purpose of this timing provision is to allow a trial court to determine whether the petition and the answer frame any factual issues and, therefore, require a plenary evidentiary hearing. In considering a motion for judgment on the pleadings, a trial court is to take as true all material allegations of the opposing party's pleading. See Domres v. Perrigan, 760 So.2d 1028 (Fla. 5th DCA 2000); Farag v. National Databank Subscriptions, Inc., 448 So.2d 1098 (Fla. 2d DCA 1984). As a result, entry of judgment on the pleadings prior to the filing of an answer, i.e., before the existence of factual issues can be ascertained, is error as a matter of law. See Hughes Laboratories, Inc. v. Murphy, 666 So.2d 566 (Fla. 3d DCA 1996); Farag, 448 So.2d at 1102. The entry of judgment on the pleadings at a hearing on Former Wife's motion to strike Former Husband's petition, on the ground that he had failed to state a cause of action, so departed from the applicable rules of procedure that he was denied a meaningful opportunity to be heard on his claims for a change of primary residence and for child support. If the court had required, and Former Wife had filed, a proper motion to dismiss for failure to state a cause of action, then the trial court might well have deemed the allegations of the petition to be technically insufficient. However, that judicial determination would have been subject to Former Husband's reasonable right to replead in a manner that addressed the trial court's concerns. Given the unorthodox procedure followed by the lower court, Former Husband was denied both the opportunity to re-plead and, ultimately, the opportunity to present evidence on a fundamental issue (primary residence or custody) reserved to every parent.
We REVERSE the final judgment on the pleadings and REMAND the case with instructions to the trial court to allow Former Husband to amend his pleadings.
ALLEN and DAVIS, JJ., concur.

*630 On Motion for Clarification and/or Rehearing

PER CURIAM.
Counsel for Former Wife filed a motion for clarification of the reason(s) underlying our order denying her "Motion for Attorney's Fees and Costs Pendente Lite." In granting the motion for clarification, we find no grounds for a rehearing. The motion for fees and costs pendente lite merely cited Florida Rule of Appellate Procedure 9.400, subsection (b) of which deals with attorneys' fees and states in pertinent part: "A motion for attorneys' fees ... shall state the grounds on which recovery is sought." The motion made no reference to section 61.16, Florida Statutes, or to any other statutory, contractual, or substantive basis for an award of fees on appeal. Therefore, the motion for fees and costs is facially insufficient. United Services Automobile Ass'n v. Phillips, 775 So.2d 921 (Fla.2000); Rados v. Rados, 26 Fla. L. Weekly D932, ___ So.2d ___, 2001 WL 331984 (Fla. 2d DCA Apr.6, 2001). Citing Rule 9.400(b), the supreme court said:
We interpret this language to require that a party seeking attorney's fees in an appellate court must provide substance and specify the particular contractual, statutory, or other substantive basis for an award of fees on appeal. It is simply insufficient for parties to only refer to rule 9.400 or to rely on another court's order in support of a motion for attorney's fees for services rendered in an appellate court.
Phillips, 775 So.2d at 922. That decision specifically receded from Salley v. City of St. Petersburg, 511 So.2d 975 (Fla.1987), to the extent Salley suggested that appellate fees can be awarded even if a party fails to meet the substantive requirements of Rule 9.400(b). Phillips was intended to apply prospectively. 775 So.2d at 922. Phillips was issued on September 21, 2000. Former Wife's motion for fees and costs pendente lite was filed on October 6, 2000. Therefore, counsel for Former Wife was on notice of the requirement to state the particular basis for the requested award. Because the motion failed to comply with this requirement, it was denied.
ALLEN, DAVIS and BROWNING, JJ., concur.