PER CURIAM.
We affirm the award of permanent total benefits below in all respects. However, we deny Appellee/Claimant’s request for appellate attorney’s fees, because the motion is substantively deficient. It cites Florida Rule of Workers’ Compensation 4.265, which was deleted in 1997. The motion further cites “chapter 440,” without specifying the particular statutory section and subsection forming the basis for an award of fees in this case. Because the motion fails to comply with the requirement to state the particular basis for the requested award, it is denied. See rule 9.400(b), Fla. R.App. P.; United Services Auto. Association v. Phillips, 775 So.2d *372 921(Fla.2000);[1] Shuler v. Darby, 786 So.2d 627 (Fla. 1st DCA 2001).
AFFIRMED.
ERVIN, BOOTH and DAVIS, JJ., concur.

. The court in Phillips explained that “a party seeking attorney's fees in an appellate court must provide substance and specify the particular contractual, statutory, or other substantive basis for an award of fees on appeal.” Phillips, 775 So.2d at 922. The Phillips court specifically receded from Salley v. City of St. Petersburg, 511 So.2d 975 (Fla.1987), to the extent that the Salley opinion had suggested that a court could award appellate fees where a party failed to meet the substantive requirements of rule 9.400(b). See id.