CASANUEVA, Judge.
 

 Gary Sheldon White appeals an order denying his petition to reduce or eliminate his permanent periodic alimony obligation to his former wife, Linda J. White. Because the trial court improperly relied upon a defense not pleaded or otherwise raised before trial in denying the petition, we reverse.
 

 In the petition, Mr. White sought to modify his permanent periodic alimony obligation to his former wife on two bases. First, Mr. White claimed that the parties’ relative financial circumstances had changed.
 
 [1]
 
 Second, Mr. White asserted that Ms. White had established a supportive relationship with another man with whom she resided.
 
 [2]
 

 
 *402
 
 After a lengthy hearing, the trial court made the following pertinent findings:
 

 B. The Former Husband has demonstrated that the Former Wife has a “supportive relationship” as envisioned by § 61.14, Florida Statutes. The supportive relationship involves living with a certain “Charles Murphy,” and the supportive relationship would lead the Court to conclude that alimony should be modified on a downward basis or terminated.
 

 C. The Former Husband, however, comes before the Court with unclean hands. The Former Husband has not done equity and therefore cannot come into a Court of equity requesting that his alimony be decreased or eliminated. The Former Husband has not made a good-faith effort to pay the alimony as previously ordered and has substantial arrearages. Moreover, the Former Husband has not made any meaningful effort to provide health insurance for the Former Wife as provided in the Final Judgment of Dissolution of Marriage.
 

 D. Because the Former Husband has unclean hands, the Former Husband is not entitled to relief and his Supplemental Petition for Modification will therefore be denied.
 

 On appeal, Mr. White argues that the trial court erred in applying the “unclean hands” doctrine because it is an affirmative defense and had not been pleaded.
 

 There is no mention of “unclean hands” in any of the pleadings, motions, or pretrial statements in the record before this court. The pretrial conference order álso contains no mention of this defense. The first time the defense appears to have been raised was during trial, when Ms. White sought to introduce certain documents into evidence to support the defense. Mr. White objected on the basis that “[cjlean hands is an affirmative defense [and tjhere are no affirmative defenses in this case.” The trial judge overruled the objection on Ms. White’s assurances that there was case law “to support being able to raise the question of Clean Hands even though [she had] not pled it as an affirmative defense.”
 

 Florida Rule of Civil Procedure 1.140(h)(1)
 
 [3]
 
 provides:
 

 A party waives all defenses and objections that the party does not present either by motion under subdivisions (b), (e), or (f) of this rule or, if the party has made no motion, in a responsive pleading except as provided in subdivision (h)(2).
 

 Because Ms. White did not plead this defense or raise it in a pretrial motion, she waived it pursuant to rule 1.140. Moreover, because Mr. White timely objected once Ms. White announced her intention to raise “unclean hands” as a defense, it was not tried by consent.
 
 See Paul Gottlieb & Co. v. Alps S. Corp.,
 
 985 So.2d 1, 5 (Fla. 2d DCA 2007) (holding that it is an exception to the pleading requirement when there is no objection to evidence introduced solely to prove an unpleaded issue). “It is axiomatic that a party may not be held liable on an issue that was neither pleaded nor tried by consent.”
 
 Aills v. Boemi,
 
 990 So.2d 540, 548 (Fla. 2d DCA 2008). Therefore, the trial court abused its discretion in
 
 *403
 
 relying upon the “unclean hands” defense and denying the petition.
 
 See Buxton v. Buxton,
 
 963 So.2d 950, 953 (Fla. 2d DCA 2007) (“If the trial court determines that a ‘supportive relationship’ exists, we review the trial court’s decision to reduce or terminate alimony for abuse of discretion.”).
 

 Ms. White did not challenge the trial court’s finding in paragraph B of the order on appeal that she is in a supportive relationship that supports reducing or eliminating alimony under section 61.14(b)(1). Regardless, after applying the appropriate standard of review to any questions of fact and law, we believe the finding to be correct.
 
 See Buxton,
 
 963 So.2d at 953 (holding that a decision under section 61.14(b) “presents a mixed question of law and fact, which calls for a mixed standard of review”).
 

 Accordingly, we reverse the denial of Mr. White’s petition. On remand, the trial court shall enter an order consistent with its findings in paragraph B of the order on appeal by determining whether Mr. White’s permanent periodic alimony obligation should be reduced or eliminated entirely.
 

 Ms. White’s Motion for Attorney’s Fees
 

 Ms. White seeks an award of appellate attorney’s fees. Florida Rule of Appellate Procedure 9.400(b) requires a party to file a motion stating “the grounds on which” an award is sought. The “grounds on which” an award is sought requires a party to identify a source of entitlement to an award of fees. “Virtually all claims for attorney’s fees rest on contract or statutory bases.”
 
 Rados v. Rados,
 
 791 So.2d 1130, 1132 (Fla. 2d DCA 2001) (citing
 
 Bell v. U.S.B. Acquisition Co.,
 
 734 So.2d 403, 406 (Fla.1999)).
 

 Here, the motion cites neither a statutory nor a contractual basis for entitlement to an attorney’s fee award. Instead, it claims an entitlement based on
 
 Rados.
 
 The
 
 Rados
 
 opinion is not a basis for entitlement to attorney’s fees. Therefore, Ms. White’s motion for appellate attorney’s fees and costs is denied.
 

 Reversed and remanded.
 

 WHATLEY and WALLACE, JJ., Concur.
 

 [1]
 

 . Section 61.14(1)(a), Florida Statutes (2006), states that “[if] the circumstances or the financial ability of either party changes ... either party may apply to the circuit court ... for an order decreasing or increasing the amount of ... alimony[.]"
 

 [2]
 

 . Section 61.14(b)(1) provides that "[t]he court may reduce or terminate an award of
 
 *402
 
 alimony upon specific written findings by the court that since the granting of a divorce and the award of alimony a supportive relationship has existed between the obligee and a person with whom the obligee resides.”
 

 [3]
 

 . Florida Family Law Rule 12.140 provides that "[djefenses shall be governed by Florida Rule of Civil Procedure 1.140.”