REVISED OPINION ON APPELLANT’S MOTIONS FOR WITHDRAWAL OF OPINION, CLARIFICATION, REHEARING, OR REHEARING EN BANC
 

 BROWNING, JR., EDWIN B., Senior Judge.
 

 Patti Angela Welch, the former wife, has moved for a withdrawal, clarification, rehearing, or rehearing en banc of our previous opinion in
 
 Welch v. Welch,
 
 34 Fla. L. Weekly D1503 (Fla. 1st DCA July 24, 2009). We grant relief to the extent that we withdraw our prior opinion and substitute the following clarifying opinion. The motion for rehearing en banc is denied.
 

 The former wife appeals certain findings of fact and conclusions of law made by the trial court in its final judgment dissolving her 23-year marriage to the appellee, Thomas Frederick Welch. Florida Rule of
 
 *155
 
 Civil Procedure 1.530(e) states in pertinent part:
 

 When an action has been tried by the court without a jury, the sufficiency of the evidence to support the judgment may be raised on appeal whether or not the party raising the question has made any objection thereto in the trial court or made a motion for rehearing, for new trial, or to alter or amend the judgment.
 

 Thus, we review the trial court’s determination of the former wife’s income for purposes of awarding alimony and child support in light of the former wife’s contention that no competent substantial evidence in the record supports the sums.
 

 On the former wife’s claim for permanent periodic alimony pursuant to section 61.08, Florida Statutes (2007), the trial court awarded her only $1.00 a year in nominal permanent alimony, thereby reserving jurisdiction to revisit this issue if the circumstances should justify it.
 
 See Blanchard v. Blanchard,
 
 793 So.2d 989, 992 (Fla. 2d DCA 2001). The parties’ 23-year marriage is considered “long-term,” raising a rebuttable presumption of entitlement to alimony.
 
 See Rabbath v. Farid,
 
 4 So.3d 778, 784 (Fla. 1st DCA 2009) (revised opinion on the appellee’s motion for rehearing). A ruling on a claim for permanent periodic alimony is reviewed for an abuse of discretion.
 
 See Alcantara v. Alcantara,
 
 15 So.3d 844, 845-47 (Fla. 3d DCA 2009);
 
 Green v. Green,
 
 463 So.2d 510 (Fla. 1st DCA 1985). In the section of the final judgment of dissolution of marriage specifically addressing “Alimony,” the court found the former husband earned approximately $140,000.00 per year and the former wife earned approximately $85,000.00 per year. The former wife contends this figure for her yearly income is unsupported by any competent substantial evidence.
 

 Section 61.08(2), Florida Statutes (2007), states that in determining whether to grant alimony to either party, the trial court “shall consider all relevant economic factors, including but not limited to,” “[a]ll sources of income available to either party.” § 61.08(2)(g), Fla. Stat. (2007). As used in the chapter on dissolution of marriage:
 

 “Income” means any form of payment to an individual, regardless of source, including, but not limited to: wages, salary, commissions and bonuses, compensation as an independent contractor, workers’ compensation, disability benefits, annuity and retirement benefits, pensions, dividends, interest, royalties, trusts, and any other payments, made by any person, private entity, federal or state government, or any unit of local government. United States Department of Veterans Affairs disability benefits and unemployment compensation, as defined in chapter 443, are excluded from this definition of income except for purposes of establishing an amount of support.
 

 § 61.046(8), Fla. Stat. (2007). Refuting the suggestion that the income figures for the former wife are unsupported by the evidence, the former husband relies on the former wife’s salary in 2007 as reported on her federal income tax return, the testimony of the forensic accountant, the annual cost-of-living salary increase received by the employees of her company, the employment benefits paid to her retirement plan, and the significant economic value of employer-paid health, dental, vision, and life insurance benefits. We find no abuse of discretion in the trial court’s findings regarding the parties’ respective incomes. To the extent the trial court could and should have made more detailed findings to explain its precise calculations of income, we conclude that the former wife failed to preserve this specific issue in a
 
 *156
 
 timely motion for rehearing.
 
 See Anaya v. Anaya,
 
 987 So.2d 806 (Fla. 5th DCA 2008);
 
 Hoffman v. Hoffman,
 
 793 So.2d 128 (Fla. 4th DCA 2001);
 
 Broadfoot v. Broadfoot,
 
 791 So.2d 584 (Fla. 3d DCA 2001);
 
 Reis v. Reis,
 
 739 So.2d 704, 705-06 (Fla. 3d DCA 1999).
 

 Counsel for the former wife filed a motion for appellate attorney’s fees. Florida Rule of Appellate Procedure 9.400(b) states in pertinent part that “[a] motion for attorney’s fees ... shall state the grounds on which recovery is sought.” The Supreme Court of Florida has strictly interpreted this rule as requiring a party seeking appellate attorney’s fees to “provide substance and specify the particular contractual, statutory, or other substantive basis for an award of fees on appeal. It is simply insufficient for parties to only refer to rule 9.400 or to rely on another court’s order in support of a motion for attorney’s fees for services rendered in an appellate court.”
 
 United Services Auto. Ass’n v. Phillips,
 
 775 So.2d 921, 922 (Fla.2000);
 
 see Hembd v. Dauria,
 
 859 So.2d 1238, 1240 (Fla. 4th DCA 2003). “The ‘grounds on which’ an award is sought require! ] a party to identify a source of entitlement to an award of fees.”
 
 White v. White,
 
 3 So.3d 400, 403 (Fla. 2d DCA 2009). “Virtually all claims for attorney’s fees rest on contractual or statutory bases.”
 
 Rados v. Rados,
 
 791 So.2d 1130, 1132 (Fla. 2d DCA 2001). “Any determination regarding an appropriate award of attorney’s fees in proceedings for dissolution of marriage ... begins with section 61.16, Florida Statutes,”
 
 Rosen v. Rosen,
 
 696 So.2d 697, 699 (Fla.1997), subsection (1) of which is the statutory authority governing an award of appellate attorney’s fees in dissolution of marriage appeals. Inasmuch as no statutory ground whatsoever is cited in the motion for appellate attorney’s fees, it must be denied.
 
 See Sumlar v. Sumlar,
 
 827 So.2d 1079, 1086 (Fla. 1st DCA 2002);
 
 Shuler v. Darby,
 
 786 So.2d 627, 630 (Fla. 1st DCA 2001) (on motion for clarification and/or rehearing).
 

 We AFFIRM the final judgment dissolving the parties’ marriage.
 

 PADOVANO and WETHERELL, JJ., concur.