IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MICHAEL CARMAN BYERS,

    Appellant,

v.

BRANTLEY DUBOSE BYERS,

    Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-368

Opinion filed October 21, 2014.

An appeal from the Circuit Court for Bay County.
Peter Mallory, Judge.

Jerome M. Novey, Shannon L. Novey, and Christian F. Gonzalez of Novey Law,
Tallahassee, for Appellant.

Russell S. Roberts of Roberts, Roberts & Roberts, Marianna, for Appellee.


PER CURIAM.

    Michael Carman Byers, the former husband, appeals the final order of

dissolution of marriage, raising three issues. Specifically, he challenges the trial

court's adoption of the proposed final order submitted by counsel for his former

wife, Brantley Dubose Byers; the award of $1.00 in permanent periodic alimony to

his former wife; and the valuation and distribution of certain marital assets. We affirm.

Most of Mr. Byers's arguments regard a claimed lack of factual findings by the trial court, but our review fails to find that the issues were raised and preserved below, precluding their consideration on appeal. See Owens v. Owens, 973 So. 2d 1169, 1170 (Fla. 1st DCA 2007) (former wife failed to preserve claim that final judgment lacked sufficient factual findings where she failed to seek rehearing or bring error to trial court's attention); see also Mize v. Mize, 45 So. 3d 49 (Fla. 1st DCA 2010) (adequacy of factual findings unpreserved where former husband failed to challenge their sufficiency by a motion for rehearing or other post-judgment pleading).

Regarding his claim that the trial court erred by adopting, verbatim, his former wife's proposed final order, we note that Florida law does not preclude a trial court from doing so, provided the adopted judgment does not substitute for thoughtful and independent analysis of the facts, issues, and law by the trial judge. See Perlow v. Berg-Perlow, 875 So. 2d 383, 390 (Fla. 2004); M.D. v. Dep't of Children & Fam. Servs., 924 So. 2d 827, 830 (Fla. 2d DCA 2005). While a verbatim adoption of a party's submission might raise a caution flag, it is lowered if the record shows that the trial court exercised independent judgment in entering the order. David v. David, 58 So. 3d 336, 338 (Fla. 5th DCA 2011). Here, the

proposed final order appears to reflect the rulings that the trial court made, so we find no error.

Regarding Mr. Byers's challenge to the award of $1.00 per month in permanent periodic alimony, our review of the record show the trial court's rulings are supported by clear and convincing evidence after consideration of the factors set forth in subsection 61.08. The court first determined that Mr. Byers has the ability to pay his former wife, who has a need for alimony. See Walker v. Walker, 85 So. 3d 553, 554 (Fla. 1st DCA 2012) ("In order to award permanent alimony, the trial court must make specific factual determinations with regard to actual need on the part of the former spouse seeking an alimony award."). During the marriage, Mr. Byers was the primary breadwinner, working as a bank executive often earning well into six-figures of income each year. By contrast, his former wife was mostly a stay-at-home mom; when the parties separated, she worked as a part-time teacher, a factory worker, and home cleaner. After Mr. Byers stopped temporary child support and alimony payments, his former wife had to go on foodstamps and other government assistance to make ends meet for herself and the parties' three minor children. After evaluating all the other relevant statutory factors, all of which are supported by the record evidence, the trial court awarded the former wife the nominal alimony amount at issue. This nominal award is likely based on the fact that Mr. Byers had filed bankruptcy, is currently working in a job paying

far less than his prior bank positions, but that his financial position is likely to change in the future; this ruling was wholly permissible. See Liebrecht v. Liebrecht, 58 So. 3d 415, 417 (Fla. 2d DCA 2011) (finding nominal alimony award appropriate to preserve wife's right to seek larger amount upon a change in financial conditions); Biske v. Biske, 37 So. 3d 970, 971 (Fla. 1st DCA 2010) (reversing denial of permanent periodic alimony based on husband's twenty percent reduction in income, because nominal award more appropriate as parties' financial circumstances likely to change in the future).

Finally, Mr. Byers challenges the valuation of certain assets and the inclusion of certain assets in the marital estate. We find no abuse of discretion. Stough v. Stough, 18 So. 3d 601, 604. (Fla. 1st DCA 2009). The issues concern the inclusion of two bonus checks of $17,000 and $29,000, respectively, which he received while he worked at Regions Bank. He essentially claims those funds were depleted by the time of the final hearing on the divorce petition, because he used it to pay, among other things, the mortgage, child support, alimony, and so on. But his former wife was able to show that not only did he not list the amounts on his amended financial affidavits, he also ceased making any mortgage payments on the residence at least a year before receiving those checks, and stopped making child support and alimony payments thereafter. Additionally, at the time he received those bonus checks, he was earning $143,989.88 in salary from Regions Bank,

4

from which he could have paid his financial obligations to his family. Thus, the trial court had sufficient evidence from which to conclude that the check amounts should be included in the marital estate.

AFFIRMED.

CLARK, WETHERELL, and MAKAR, JJ., CONCUR.