IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SCOTT A. BROCK, FORMER
HUSBAND,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

    Appellant,

v.

CASE NO. 1D16-3117

CAROLYN ANN BROCK,
FORMER WIFE,

    Appellee.

_____/

Opinion filed October 11, 2017.

An appeal from the Circuit Court for Washington County.
Christopher N. Patterson, Judge.

Rhonda S. Clyatt, Panama City, for Appellant.

Russell S. Roberts, Marianna, for Appellee.

PER CURIAM.

    We affirm in all respects the Amended Final Judgment of Dissolution of

Marriage.  The issues now raised on appeal by the former husband were not brought

to the trial court's attention either during the final hearing or in the former husband's

motion for rehearing, which challenged other aspects of the amended final judgment. Consequently, we hold they either were not preserved for appellate review or were expressly waived. Byers v. Byers, 149 So. 3d 161, 161-62 (Fla. 1st DCA 2014); Furr v. Furr, 57 So. 3d 914, 914 (Fla. 1st DCA 2011) (Mem.); Mize v. Mize, 45 So. 3d 49, 49 & n.1 (Fla. 1st DCA 2010); Welch v. Welch, 22 So. 3d 153, 155-56 (Fla. 1st DCA 2009); Simmons v. Simmons, 979 So. 2d 1063, 1064 (Fla. 1st DCA 2008); Owens v. Owens, 973 So. 2d 1169, 1169 (Fla. 1st DCA 2007). Regardless, because the evidentiary bases for the trial court's equitable distribution of the parties' marital assets and liabilities, its award of permanent alimony to the former wife, and its award of child support were reasonably clear and supported by the record, we perceive no reason to reverse for lack of statutory findings in the written judgment. Buchanan v. Buchanan, No. 1D16-4492, 2017 WL 4018417 at *1 (Fla. 1st DCA September 13, 2017). Finally, our review of the record convinces us that even though the trial court adopted the former wife's proposed final judgment, there is no evidence that its doing so resulted in a "substitute for [the court's] thoughtful and independent analysis of the facts, issues, and law . . . ." Byers, 149 So. 3d at 162 (citing Perlow v. Berg-Perlow, 875 So. 2d 383, 390 (Fla. 2004)).

AFFIRMED.

LEWIS, RAY, and JAY, JJ., CONCUR.

2