# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2023-0236
LT Case No. 2021-CA-3272

———————————————

MARY ANN LANCE,

    Appellant,

    v.

BRIGHTWATER HOMEOWNERS
ASSOCIATION, INC.,

    Appellee.

———————————————

On appeal from the Circuit Court for Duval County.
Michael S. Sharrit, Judge.

Brian J. Lee, of Morgan & Morgan, Jacksonville, for Appellant.

Lissette Gonzalez, of Cole, Scott & Kissane, P.A., Miami, for
Appellee.

August 30, 2024

ON MOTION FOR CLARIFICATION

EISNAUGLE, J.

    Appellee, Brightwater Homeowners Association, Inc.,
prevailed in this appeal; however, this court denied its motion for
appellate attorney's fees. Appellee now moves for rehearing and
for clarification, questioning the denial of its fee motion. We deny

the motion for rehearing and grant the motion for clarification to explain our decision.

"[A] motion for attorneys' fees must state the grounds on which recovery is sought." Fla. R. App. P. 9.400(b). Therefore, rule 9.400(b) "requires a party to identify a source of entitlement to an award of fees." *White v. White*, 3 So. 3d 400, 403 (Fla. 2d DCA 2009). Moreover, "if the attorney fee motion is based on an agreement in a note or contract, the pertinent document should be attached to the motion or cited from the record." Philip J. Padovano, 2 Fla. Prac., Appellate Practice § 22:6 (2024 ed.).

Here, Appellee's motion identified both a statutory and contractual basis for an award of fees. The statutory basis identified in the motion is section 718.303, Florida Statutes, which relates to condominium associations. But the Appellee is a homeowner's association. If section 718.303 somehow applies, the motion does not explain how or why.

The contractual basis identified in the motion is the Declaration. But Appellee did not cite to the record or otherwise attach the Declaration to its motion—let alone identify the specific provision in the Declaration entitling it to fees.

For these reasons, Appellee's motion for fees is insufficient. We will not conduct legal research for a party to identify the statute, if one exists, that a party *should have* identified in its motion. Nor will we search the record for what appears to be the operative contract, and then search that contract for the correct provision. In sum, when a party moves for appellate attorney's fees, that party has the burden to demonstrate entitlement to fees, *see United Servs. Auto. Ass'n v. Phillips*, 775 So. 2d 921, 922 (Fla. 2000) ("[A] party seeking attorney's fees in an appellate court must provide substance and *specify the particular* contractual, statutory, or other substantive basis for an award of fees on appeal." (emphasis added)), and cannot carry that burden by merely alluding to the basis for an entitlement and then expecting this court to complete the work.

The motion for appellate attorney's fees is DENIED.

LAMBERT and JAY, JJ., concur.