# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D2023-1771
Lower Tribunal No. 2017-DR-12388-O
_____

C.T. n/k/a C.S.,

Appellant,

v.

T.G.,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Michael Kraynick, Judge.

November 15, 2024

BROWNLEE, J.

In this appeal from a final judgment of paternity, the mother, C.T., challenges the trial court's refusal to allow one of her witnesses to appear remotely, as well as the trial court's denial of rehearing on the same issue. We affirm the final judgment

in all respects.  We write, however, to address the parties' respective motions for appellate attorney's fees.[1]

### *The Fee Motions*

Florida Rule of Appellate Procedure 9.400(b) governs appellate attorney's fees and requires a motion to "state the grounds on which recovery is sought." Florida courts interpret this language as requiring a party moving for fees to "provide substance and specify the particular contractual, statutory, or other substantive basis for an award of fees on appeal."  *United Servs. Auto. Ass'n v. Phillips*, 775 So. 2d 921, 922 (Fla. 2000).  The parties to this case each rely on section 742.045, Florida Statutes (2023), as their substantive basis for fees.  That section governs attorney's fees and costs in actions to determine parentage and provides, in relevant part:

> The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings.

---

[1] C.T.'s motion also sought an award of costs incurred in pursuing this appeal. We strike that request because motions for costs incurred on appeal are properly filed in the trial court.  *See* Fla. R. App. P. 9.400(a) ("Costs will be taxed by the lower tribunal on a motion served no later than 45 days after rendition of the court's order.").

The issue we must now resolve is whether this section also authorizes an award of appellate attorney's fees. In finding it does not, we certify conflict with two decisions of our sister courts reaching the opposite conclusion.

### *The State of the Law in the Fourth and Fifth Districts*

In resolving this issue, we would be remiss if we did not note two cases from the Fourth and Fifth Districts that considered this issue en banc, receded from prior precedent holding section 742.045 does not authorize appellate attorney's fees, and drew dissenting opinions. Because we resolve this issue with the benefit of these cases, we address them first.

We begin with the Fourth District. In *Beckford v. Drogan*, 216 So. 3d 1 (Fla. 4th DCA 2017), the court held that, because section 742.045 "allows for the award of attorney's fees in '**any** proceeding under this chapter,'" it is "axiomatic that this would include any appellate proceedings necessary to maintain or defend an action under the chapter." In reaching this conclusion, the Fourth District overturned its prior precedent holding to the contrary. *See id.* (receding from *Gilbertson v. Boggs*, 743 So. 2d 123 (Fla. 4th DCA 1999), and granting "attorney's fees to the appellee, conditioned upon a showing of need and ability to pay").

But there was also a dissenting opinion in *Beckford*. Writing for the dissent, Judge Klingensmith explained that the phrase "'any proceeding under this chapter' advises that a court may award fees related only to proceedings brought pursuant to

3

section 742.045." *Beckford*, 216 So. 3d at 2 (Klingensmith, J., dissenting). He noted the language is "limiting" and "does not expand the availability of attorney fees to proceedings other than paternity actions litigated in a lower tribunal." *Id.* To illustrate that point, Judge Klingensmith compared the limited statutory language with broad hypothetical language, which could arguably include appeals: "It does not state that fees are awardable for 'any proceeding' without limitation, or for 'any proceeding *arising* from this chapter.'" *Id.* Rather, the statute "specifically identifies enforcement and modification actions as 'proceedings' under chapter 742, Florida Statutes," but nothing in "that chapter identifies 'any proceeding under this chapter' to include appeals." *Id.* at 2–3.

After *Beckford*, the Fifth District considered the same issue en banc in *McNulty v. Bowser*, 233 So. 3d 1277 (Fla. 5th DCA 2018). Relying on dictionary definitions of the word "proceeding," the majority determined the language "any proceeding" in the statute includes appeals, and, therefore, the court overturned its prior precedent holding section 742.045 did not authorize appellate attorney's fees in paternity cases. *Id.* at 1279. Interestingly, the Fifth District described McNulty's appellate proceeding as "*arising* from a final judgment of paternity under chapter 742," *id.* at 1279 (emphasis added), which is similar to the broad, hypothetical language Judge Klingensmith noted is not in the statute. *Beckford*, 216 So. 3d at 2 (Klingensmith, J., dissenting).

4

But like *Beckford*, the majority in *McNulty* drew a dissent. *Id.* at 1280 (Eisnaugle, J., dissenting). In his dissenting opinion, Judge Eisnaugle agreed that the language "any proceeding" was clear and that an appeal is a legal proceeding. *Id.* He observed, however, that the broad phrase "any proceeding" is narrowed by the language "under this chapter." *Id.* Because of that "narrowing phrase," he determined the proper question was not whether an appeal is "a proceeding," but rather, whether an appeal is "a proceeding under this chapter." *Id.* Judge Eisnaugle then relied on Judge Klingensmith's dissenting opinion in *Beckford* and agreed that, while section 742.045 "specifically identifies enforcement and modification actions as 'proceedings' under chapter 742, Florida Statutes, nothing within the entirety of that chapter identifies 'any proceeding under this chapter' to include appeals." *Id.* (quoting *Beckford*, 216 So. 3d at 2 (Klingensmith, J., dissenting)).

While we have the utmost respect for our sister courts, we think their limited focus on the word "proceeding," in isolation from the remainder of the text, led the majority in both *Beckford* and *McNulty* to an incorrect result. We now align ourselves with the dissenting opinions in those cases and hold that section 742.045, Florida Statutes, provides no basis for entitlement to attorney's fees incurred on appeal.

5

*Analysis*

Our analysis begins, as always, with the plain language of the relevant text. "In ascertaining the plain meaning of the statute," we "look to the particular statutory language at issue, as well as the language and design of the statute as a whole." *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988); *Conage v. United States*, 346 So. 3d 594, 598 (Fla. 2022) ("[T]he plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997))). Accordingly, we use "'all the textual and structural clues' that bear on the meaning of [the] disputed text." *Ripple v. CBS Corp.*, 385 So. 3d 1021, 1027 (Fla. 2024) (quoting *Conage*, 346 So. 3d at 598).

The statutory language at issue here permits an order to pay a reasonable amount for attorney's fees to the other party for "maintaining or defending *any proceeding under this chapter, including enforcement and modification proceedings*." § 742.045, Fla. Stat. (emphasis added). First, because the phrase "any proceeding" in section 742.045 is immediately followed by the prepositional phrase "under this chapter," we agree with Judge Eisnaugle that "any proceeding" is "obviously narrowed by the phrase 'under this chapter.'" *McNulty*, 233 So. 3d at 1280. We are not free to simply cast aside this modifying phrase. Rather, we must

6

give effect to every word and phrase of the statute. *See Tsuji v. Fleet*, 366 So. 3d 1020, 1029 (Fla. 2023) (explaining the canon against surplusage is "an elementary principle of statutory construction that significance and effect must be given to every word, phrase, sentence, and part of the statute if possible" (citation omitted)).[2]

Next, because "any proceeding" has been narrowed, we must consider whether an appeal is a proceeding "under this chapter." It is not. As Judge Klingensmith explained, "nothing within the entirety of [chapter 742] identifies 'any proceeding under this chapter' to include appeals." *Beckford*, 216 So. 3d at 2. Instead, chapter 742 repeatedly describes proceedings under the chapter as circuit court proceedings. For example, section 742.011 states:

> Any woman who is pregnant or has a child, any man who has reason to believe that he is the father of a child, or any child *may bring proceedings in the circuit court*, in chancery, to determine the paternity of the child when paternity has not been established by law or otherwise.

(emphasis added). Section 742.021(1) then states: "*The proceedings must be in the circuit court* of the county where the plaintiff resides or the county where the defendant resides." (emphasis added). None of the sections mentions proceedings

---

[2] *See Conage*, 346 So. 3d at 598 ("Viewed properly as rules of thumb or guides to interpretation, rather than as inflexible rules, the traditional canons of statutory interpretation can aid the interpretive process from beginning to end (recognizing that some canons, like the rule of lenity, by their own terms come into play only after other interpretive tools have been exhausted).").

in the district courts of appeal. Therefore, when a party to a chapter 742 circuit court proceeding appeals from a final judgment, we think the ensuing appeal in the district court is a proceeding under article V, section 4, subsection (b)(1) of the Florida Constitution and Florida Rules of Appellate Procedure 9.030(b)(1) and 9.110(a)(1)—not chapter 742.

Next, the phrase "including enforcement and modification proceedings" is likewise unhelpful to the parties. Although the infinitive "to include" typically introduces examples, rather than an exhaustive list, we remain unconvinced that appellate proceedings could be included here, because any additional proceeding must still qualify as a "proceeding under this chapter." *See White v. Mederi Caretenders Visiting Servs. of Se. Fla., LLC*, 226 So. 3d 774, 783 (Fla. 2017) ("Commonly, the term 'include' suggests that a list is non-exhaustive[.]" (citation omitted)). As we have already explained, however, there is nothing in the statute to suggest an appeal is a "proceeding under" chapter 742.

In light of the foregoing, we conclude section 742.045 does not address or include attorney's fees incurred in appellate proceedings. We are not permitted to add to what the text states or reasonably implies. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 93 (2012) (under the omitted case canon, "nothing is to be added to what the text states or reasonably

implies"). Indeed, "limitations on a statute's reach are as much a part of the statutory purpose as specifics of what is to be done." *Id.* at 168.

### *Conclusion*

Because we can find nothing in the text of section 742.045 to authorize an award of attorney's fees incurred on appeal, the parties' respective requests for appellate attorney's fees on this basis are denied. Further, because neither party has provided this court with an alternative substantive basis for fees, both motions for appellate attorney's fees are denied.

Finally, we certify conflict with *Beckford v. Drogan*, 216 So. 3d 1 (Fla. 4th DCA 2017), and *McNulty v. Bowser*, 233 So. 3d 1277 (Fla. 5th DCA 2018).

AFFIRMED; CONFLICT CERTIFIED.

WOZNIAK and GANNAM, JJ., concur.

Shannon McLin, Robert Scavone, Jr., and William D. Palmer, of Florida Appeals, Orlando, for Appellant.

Mark A. Skipper, of the Law Office of Mark A. Skipper, P.A., Orlando, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED