598 So.2d 218 (1992)
Carol LeGRAND and Donald Lee LeGrand, Appellants,
v.
Charles S. DEAN, as Sheriff of Citrus County, Florida, Appellee.
No. 91-2188.
District Court of Appeal of Florida, Fifth District.
May 8, 1992.
Michael J. Keane of Baynard, Harrell, Mascara, Ostow & Ulrich, P.A., St. Petersburg, and Wilfred H. Florin of Carey & Florin, P.A., Clearwater, for appellants.
Julius F. Parker, Jr. of Parker, Skelding & Labasky, Tallahassee, for appellee.
COBB, Judge.
The appellants, Carol and Donald LeGrand, are appealing a judgment for attorney fees entered jointly against themselves and their trial attorney, Wilfred J. Florin.
The instant judgment is ancillary to an action filed in 1988 by the LeGrands against Charles S. Dean, as Sheriff of Citrus County, for false arrest and imprisonment. In that original action, a final summary judgment was entered for Dean. That judgment contained a finding that the LeGrands were liable for an attorney fee pursuant to section 57.105, Florida Statutes (1987)[1] because the case "presented a complete absence of any justiciable issue of either law or fact." The trial judge retained jurisdiction as to the amount of the fee and the liability of plaintiffs' counsel for the attorney fee, the latter issue turning *219 on the attorney's good faith and reliance on the representations of his clients.
The 1988 judgment was appealed to this court and, ultimately, affirmed en banc with one dissent. LeGrand v. Dean, 564 So.2d 510 (Fla. 5th DCA 1990), rev. denied, 576 So.2d 288 (Fla. 1991). The finding by the trial court that the case failed to present any justiciable issue of either law or fact was neither raised on appeal nor discussed in this court's 1990 opinion. That finding, therefore, becomes the law of the case. No motion for attorney fees on appeal was filed.
Subsequent to the Florida Supreme Court's denial of review on January 15, 1991, the trial judge held a hearing on the two issues he had reserved: the amount of the fee and the personal responsibility therefor of the LeGrands' trial attorney, Florin.
At the hearing, counsel for the LeGrands attempted to reargue the issue of the Sheriff's entitlement to a fee, but the trial judge properly rejected that argument on the basis of the law of the case. No evidence was adduced at the hearing that the attorney had acted on any misrepresentations by his clients. The trial judge entered a final judgment awarding Sheriff Dean a reasonable attorney's fee of $3,480.00 for services through summary judgment and a fee of $8,120.00 for appellate services, for a total of $11,600.00 taxed jointly against the LeGrands and Florin. The LeGrands have appealed that judgment, but Florin has not.
On appeal, the LeGrands attempt to argue that "the underlying suit was very simply not frivolous." But that is an issue which should have been raised in their 1988 appeal. See Strazzulla v. Hendrick, 177 So.2d 1 (Fla. 1965); Quast v. Quast, 498 So.2d 1307 (Fla. 4th DCA 1986), rev. denied, 508 So.2d 15 (Fla.), cert. denied, 484 U.S. 853, 108 S.Ct. 156, 98 L.Ed.2d 111 (1987). The LeGrands do not challenge the reasonableness of the fees awarded.
On the other hand, the trial judge clearly lacked jurisdiction to grant appellate attorney fees, absent a remand of that issue from this court. See Boyer v. Boyer, 588 So.2d 615 (Fla. 5th DCA 1991); Hornsby v. Newman, 444 So.2d 90 (Fla. 4th DCA 1984). The award of the $8,120.00 fee constituted fundamental error.
Consequently, we affirm the attorney fee award in the amount of $3,480.00 against the appellants and Florin, and reverse the $8,120.00 award for appellate fees.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HARRIS and PETERSON, JJ., concur.
NOTES
[1] Section 57.105 provided:

Attorney's fee.  The court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party; provided, however, that the losing party's attorney is not personally responsible if he has acted in good faith, based on the representations of his client.