PER CURIAM.
This cause is before us on consolidated appeal from the final judgment, judgment awarding attorney fees and costs, and order compelling discovery, all for appellees (hereinafter “the Lasserres”). We affirm in part, reverse in part, and remand with instructions.
*397 The Lasserres (as lessor) sued Ar-rigo Motors (as lessee) and Joseph Arrigo individually, alleging that the parties entered into a five-year/$3,000 per month lease commencing April 1, 1988, for which Arrigo personally guaranteed payment; that Arrigo Motors thereafter assigned the lease to a third party, who vacated the premises in July of 1991; and that Arrigo, as guarantor, was liable for 11 of the 20 months remaining in the lease (i.e., $33,000) for which the Las-serres were unable to relet the premises. At a bench trial, Elmer Lasserre testified on behalf of the Lasserres that he relet the premises at $4,200 per month for 7 of the 20 months in question, thereby bringing damages under the lease to $30,600. The trial court found in its final judgment that Arrigo had breached the lease and ordered him, as personal guarantor, to pay $39,000 in damages under the lease and $11,550 in compounded prejudgment interest, for a total of $50,550.
On appeal, Arrigo challenges the trial court’s finding that Arrigo breached the lease, and urges various technical errors in the trial court’s final judgment. We affirm the trial court’s finding that Arrigo breached the lease, but reverse and remand with instructions that the trial court reduce the Lasserres’ damages under the lease to $30,-600 (as testified to at trial), and recalculate the prejudgment interest accordingly, without compounding interest upon interest. See Hudson Pest Control, Inc. v. Westford Asset Management, Inc., 622 So.2d 546 (Fla. 5th DCA 1993) (landlord has duty to mitigate tenant’s damages by making good faith effort to relet property at fair rental, and landlord must credit tenant for any rents obtained from another tenant during the lease term); United Services Automobile Ass’n v. Smith, 527 So.2d 281 (Fla. 1st DCA 1988) (interest should not be allowed on a sum that is itself interest). We affirm without comment Arri-go’s remaining technical challenges of the final judgment.
In accordance with the final judgment, the Lasserres filed a motion for attorney fees and costs (along with supporting affidavits), which the trial court granted in the amount of $3,100. We affirm. See generally Linn v. Linn, 464 So.2d 614 (Fla. 4th DCA 1985) (it is within trial court's discretion to determine reasonable amount of attorney’s fees based upon its evaluation of all relevant factors, and such determination should not be overturned absent an abuse of discretion).
However, we must reverse the order of August 23, 1994, in which the trial court granted the Lasserres’ motion to compel discovery and ordered Arrigo to pay $250 in associated attorney fees and costs. The trial court prematurely rendered that order prior to the date set for hearing, thereby depriving Arrigo an opportunity to be heard on the motion. Fla.R.Civ.P. 1.100(b) & 1.380(a).
In summary, we AFFIRM in part, REVERSE in part, and REMAND the final judgment with instructions; we AFFIRM the judgment awarding attorney fees and costs; and we REVERSE and REMAND the order granting the Lasserres’ motion to compel discovery for a hearing thereon.
BOOTH, MINER and MICKLE, JJ., concur.