715 So.2d 1054 (1998)
RESPIRATORY CARE SERVICES, INC., et al., Appellants,
v.
MURRAY D. SHEAR, P.A., et al., Appellees.
Nos. 96-3232, 97-1896.
District Court of Appeal of Florida, Fifth District.
July 31, 1998.
Rehearing Denied August 27, 1998.
*1055 Vincent G. Torpy, Jr., and Lisa L. Hogreve, of Frese, Nash & Torpy, P.A., Melbourne, for Appellants.
Alexander S. Douglas II, of Bush & Derr, P.A., Orlando, for Appellees William G. Osborne and Osborne & Aikin, P.A.
Douglas B. Brown and Suzanne M. Barto, of Rumberger, Kirk & Caldwell, P.A., for Appellees Broad & Cassel and Alice Blackwell White.
THOMPSON, Judge.
We consolidate these cases because the parties and the issues are identical. The appellants, Respiratory Care Services, Inc., and Ahmad Saidi ("Saidi") appeal a final judgment awarding trial and appellate attorney's fees of $52,089.50 to William G. Osborne and Osborne & Akin, P.A. ("Osborne") in case 96-3232, and $49,320.90 to Broad & Cassel, P.A. ("Broad & Cassel") in case 97-1896. The fees were awarded pursuant to section 768.79, Florida Statutes, which allows the award of attorney's fees if a rejection of offer of judgment is 25 percent greater than the final judgment. We reverse the awards.
Appellants filed a legal malpractice case against Broad & Cassel, P.A., Osborne & Aikin, P.A., and William G. Osborne, individually.[1] The malpractice suit arose from an earlier lawsuit wherein appellees represented appellants in their suit against a hospital. Ultimately, the trial court dismissed with prejudice one of the malpractice claims. The remaining claim against appellees, diminishment of settlement value, was dismissed without prejudice, amended, and then voluntarily dismissed with prejudice by appellants after the parties filed a stipulated motion for entry of a final judgment. In the stipulated final judgment, the parties agreed that "the Plaintiffs [appellants] shall take nothing by way of this action." The final judgment did preserve appellants' right to appeal the dismissal with prejudice and reserved the trial court's jurisdiction to tax costs and attorney's fees. The dismissal was affirmed without opinion. Respiratory Care Services, Inc. v. Murray D. Shear, P.A., 666 So.2d 157 (Fla. 5th DCA 1995).
After remand, a hearing was held on appellee Osborne's motion for attorney's fees and costs, pursuant to section 768.79, Florida Statutes. The trial court awarded $23,472.50 *1056 for legal fees incurred from the date the offer of judgment was served through the final judgment, and $28,617 for fees incurred on appeal. During the hearing, the trial court determined that appellees served appellants with an offer of judgment for $10,000 which appellants failed to accept. To support the motion for fees in case 96-3232, Osborne filed two affidavits: one from Osborne's attorney Alexander Douglas, II reflecting fees and costs of $52,143.53, and the other from attorney Alton G. Pitts stating the fees were reasonable. Attorney Douglas also testified at the hearing to support his fee affidavit.
In case 97-1896, the trial court conducted a separate hearing and determined that appellee Broad & Cassel also served an offer of judgment for $10,000, which appellants also failed to accept. Broad & Cassel filed computer generated timesheets and affidavits from attorneys Pitts and Douglas B. Brown reflecting reasonable fees and costs of $49,320.90 of which $37,791.75 was for appellate attorney's fees. Attorney Brown also testified at the hearing.

APPELLATE ATTORNEY'S FEES
Appellants argue that the trial court erred in awarding appellate attorneys' fees. Generally, the appellate court has exclusive jurisdiction to award appellate attorneys' fees, and in order to invoke the jurisdiction of the court to award fees, the party seeking attorney's fees must timely file a motion, pursuant to Florida Rule of Appellate Procedure 9.400(b), in the appellate court. Once the appellate court determines that an award of appellate attorney's fees is appropriate, a mandate is issued to the trial court to impose the fees after conducting a hearing. Absent a mandate, the trial court has no jurisdiction to award appellate attorney's fees. See e.g., Le Grand v. Dean, 598 So.2d 218 (Fla. 5th DCA 1992); Real Estate Apartments, Ltd. v. Bayshore Garden Apartments, Ltd., 530 So.2d 977 (Fla. 2d DCA 1988). In this case, the appellees did not move this court for an award of fees, and no such mandate was issued.
Nevertheless, appellees argue that Florida Rule of Civil Procedure 1.442 incorporates section 768.79, Florida Statutes, which allows recovery of appellate attorney's fees when an offer of judgment is rejected. Further, appellees assert that section 768.79 only requires that the motions for trial and appellate fees be filed in the trial court "within 30 days after the entry of judgment or after voluntary or involuntary dismissal." Hence, they argue there is no need to comply with Rule 9.140. We disagree with this reasoning.
Appellees are correct that provisions of section 768.79(b) allow the recovery of appellate attorney's fees. They cite several cases to support their argument. Williams v. Brochu, 578 So.2d 491 (Fla. 5th DCA 1991); Mark C. Arnold Const. Co. v. National Lumber Brokers, Inc., 642 So.2d 576 (Fla. 1st DCA 1994); Schmidt v. Fortner, 629 So.2d 1036, 1043 n. 10 (Fla. 4th DCA 1993), approved, TGI Friday's, Inc. v. Dvorak, 663 So.2d 606 (Fla.1995). In each of these cases, however, a motion was filed with the appellate court requesting appellate attorney's fees. The holding in Williams, that appellate fees are recoverable under section 768,79, is correctly interpreted to mean only that upon proper motion to the appellate court, section 768.79 provides a basis for attorney's fees. It in no way states or implies that section 768.79 supersedes the procedural requirements of rule 9.400(b).
Even where a fee award is mandatory, a motion for appellate fees must be filed pursuant to rule 9.400(b). Salley v. City of St. Petersburg, 511 So.2d 975 (Fla.1987); School Bd. of Alachua County v. Rhea, 661 So.2d 331 (Fla. 1st DCA 1995), rev. denied, 670 So.2d 939 (Fla.1996). Under section 768.79, an award of attorney's fees is mandatory if the statutory requirements in subsections (6)(a) or (b) are satisfied and if the offer of judgment was made in good faith. TGI Friday's, Inc. v. Dvorak, 663 So.2d 606, 611 (Fla.1995). To obtain an award of appellate fees, appellees were required to file a motion in this court. Because they failed to do so, the trial court erred in making the award.

ATTORNEY'S FEES PRIOR TO APPEAL
Appellants argue that the awards for fees incurred prior to appeal are unreasonable. *1057 However, neither order contains specific findings on the number of hours reasonably expended and the hourly rate as required by Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla.1985). We therefore reverse the awards and remand for proper findings. Rowe; Warner v. Warner, 692 So.2d 266 (Fla. 5th DCA 1997).
REVERSED and REMANDED with directions.
GOSHORN and PETERSON, JJ., concur.
NOTES
[1] Appellants also sued partners and associates in the firms, but the legal malpractice action against them was dismissed.