791 So.2d 1130 (2001)
Rick J. RADOS, Appellant,
v.
Sharon P. RADOS, Appellee.
No. 2D00-280.
District Court of Appeal of Florida, Second District.
April 6, 2001.
*1131 Stann W. Givens of Knox & Givens, P.A., Tampa, for Appellant.
S. David Anton of Harvey Schonbrun, P.A., Tampa, for Appellee.

ORDER ON WIFE'S REQUEST FOR ATTORNEY'S FEES
ALTENBERND, Acting Chief Judge,
Rick Rados, the husband, appealed a final judgment dissolving his marriage to Sharon Rados, the wife. On February 23, 2001, we issued a per curiam decision affirming that judgment. We now rule on the wife's timely motion for appellate attorney's fees, which was filed pursuant to Florida Rule of Appellate Procedure 9.400(b) and section 61.16, Florida Statutes (1999).
In the past, this court has frequently "granted" motions for attorney's fees in domestic relations appeals with a citation to the First District's decision in Dresser v. Dresser, 350 So.2d 1152 (Fla. 1st DCA 1977). Although we intended for such an order to give the trial judge considerable latitude in determining fee issues, we are aware that these orders have engendered some confusion within the bench and bar. Especially in light of the supreme court's more recent pronouncements in Rosen v. Rosen, 696 So.2d 697 (Fla.1997), we conclude that a Dresser order is no longer the ideal method to resolve these motions. Beginning with this case, this court will attempt to enter orders on motions for attorney's fees in domestic relations cases that give the parties and the trial court greater guidance. Instead of "granting" these motions, in many cases we will "remand jurisdiction" over the motion to the trial court to resolve the factual issues and exercise discretion on our behalf. The trial court's decision, of course, remains subject to review by this court under Florida Rule of Appellate Procedure 9.400(c).

I. OUR RULING IN THIS CASE
The wife's motion for appellate attorney's fees is remanded to the trial court. If the movant establishes her entitlement pursuant to section 61.16, Florida Statutes (2000), the trial court is authorized to award the movant all or a portion of her reasonable appellate attorney's fees. The merits of the respective positions of the parties in this appeal is not a factor that the trial court need consider.

II. A FURTHER EXPLANATION OF THE ORDERS THIS COURT INTENDS TO USE TO RESOLVE MOTIONS FOR ATTORNEY'S FEES IN DOMESTIC RELATIONS CASES
A trial court cannot award appellate attorney's fees unless the appellate court has authorized such an award. Stofman v. World Marine Underwriters, Inc., 729 So.2d 959 (Fla. 4th DCA 1999).[1] Thus, *1132 a litigant who wants to pursue a claim for appellate attorney's fees is required to file a motion in the appellate court under rule 9.400(b), stating the legal basis for the claim. United Servs. Auto. Ass'n v. Phillips, 775 So.2d 921 (Fla.2000). Any claim for attorney's fees requires a determination of at least two factors: the movant's entitlement to the award and, if there is entitlement, the reasonable amount of fees to be awarded. Bell v. U.S.B. Acquisition Co., 734 So.2d 403 (Fla.1999); Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990); Fla. Patient's Comp. Fund v. Rowe, 472 So.2d 1145 (Fla.1985). In domestic relations cases, a court may also decide to award only a portion of the reasonable fees based upon the relative financial resources of the parties. Belmont v. Belmont, 761 So.2d 406 (Fla. 2d DCA 2000).
Because an appellate court is not structured to address the factual issues presented in every request for appellate attorney's fees, issues that cannot be resolved on the basis of the appellate record typically must be remanded to the trial court for determination. In essence, the trial court serves as the appellate court's "commissioner" to determine these matters. Cf. Fla.R.App.P. 9.140(j) (Comm. Notes 1996); Swain v. Moore, 744 So.2d 592 (Fla. 2d DCA 1999) (permitting appellate court to appoint commissioner, if necessary, to resolve disputed facts in petition for belated appeal). The scope of the trial court's task on remand may be broad, or it may be limited, depending on the appellate court's order. A trial judge considering such a motion on remand should look first to the language of that order to determine its role in resolving the motion.
Virtually all claims for attorney's fees rest on contractual or statutory bases. Bell, 734 So.2d at 406. In contract cases, and in the majority of statutes addressing attorney's fees, a person establishes an entitlement to attorney's fees by prevailing in the litigation. See, e.g., § 57.105, Fla. Stat. (1999) (providing sanctions for raising unsupported claims or defenses); § 83.48, Fla.Stat. (1999) (landlord and tenant actions); § 119.12, Fla.Stat. (1999) (public records enforcement); § 713.29, Fla.Stat. (1999) (enforcement of lien or claim against a bond); § 718.303, Fla.Stat. (1999) (actions involving condominium associations). In these "prevailing party" cases, the appellate court often can determine who is the prevailing party as a matter of law. Thus, the appellate court can either deny a motion for fees outright or can grant the motion on the issue of entitlement, remanding to the trial court for a determination of a reasonable fee.
If an appeal does not conclude a case, but rather results in further proceedings during which either party may ultimately prevail, the appellate court often "grants" the motion for attorney's fees contingent upon the movant ultimately prevailing below. In such a case, on remand the trial court must wait until the litigation is completed to resolve the issue of entitlement.[2] At that time, the trial court determines whether the movant has "prevailed" based upon the final outcome. If this contingency has occurred, then entitlement is established, and the trial court is authorized to determine the reasonable amount of appellate attorney's fees.
Motions for attorney's fees in domestic relations cases are more difficult *1133 for appellate courts than other motions for fees because the determination of entitlement is far more complex. Section 61.16 does not rely on a "prevailing party" standard. Instead, it bases a claim for attorney's fees on the financial resources of the parties "unless the appellate party's cause is deemed to be frivolous." § 61.16(1), Fla. Stat. (1999).[3] The financial resources of the parties may have changed during the pendency of an appeal, and thus determining entitlement may require a new review of the parties' needs and ability to pay. In addition, the issue of entitlement is not an "all or nothing" propositionbased upon a review of the relative financial circumstances, the court may award a percentage or portion of the fees. Belmont, 761 So.2d 406.
The determination of attorney's fees is further complicated by Rosen, 696 So.2d 697. That decision authorizes consideration of secondary factors, in addition to need and ability to pay, that are related to the length and scope of the litigation and the parties' behavior during litigation.[4] There are times when this court intends to foreclose the trial court from considering the Rosen factors in determining entitlement to appellate attorney's fees because the record establishes that they are not applicable. In other cases, we intend to give the trial court discretion to consider these factors or even mandate that the trial court consider them.
The nuances of attorney's fees in domestic relations cases and the complexities created by cross-appeals make it improbable that this court could develop form orders to address every possible resolution of a motion for attorney's fees pursuant to section 61.16. This court has, however, created five "standard" orders that it plans to use to resolve the majority of motions presented in the domestic relations context. We use this opinion as a vehicle to explain briefly each of these orders. In the future, one of these orders will be issued whenever feasible:
1. "The motion for appellate attorney's fees is denied."
This order will be issued when this court can determine based upon the appellate record that the movant is not entitled to attorney's fees. It may reflect that there is no reasonable possibility that the movant can establish entitlement if the issue were remanded, or it may reflect that there is a separate basis to deny the movant fees. See, e.g., § 57.105(1), Fla.Stat. (1999); Pohlmann v. Pohlmann, 703 So.2d 1121 (Fla. 5th DCA 1997) (involving provision in marital settlement agreement that provided contractual basis for award of fees); Rosen, 696 So.2d 697. See also § 61.16 (providing, in part, that court cannot award attorney's fees to noncompliant party in enforcement proceeding).
2. "The motion for appellate attorney's fees is granted. The movant is entitled to an award of all reasonable appellate attorney's fees."
This order will be issued when the appellate record supports a holding, as a matter of law, that the movant is entitled to have all of his or her reasonable attorney's fees paid. Occasionally, there is no question from the content of the record *1134 that, based upon the relative finances of the parties, one party is entitled to fees. This order is also appropriate in other cases when there is a separate statutory or contractual basis to award all of the reasonable fees. See § 57.105,[5]Pohlmann, 703 So.2d 1121.
3. "The motion for appellate attorney's fees is remanded to the trial court. If the movant establishes his or her entitlement pursuant to section 61.16, Florida Statutes, and Rosen v. Rosen, 696 So.2d 697 (Fla.1997), the trial court is authorized to award the movant all or a portion of the reasonable appellate attorney's fees."
This order is essentially what this court previously referred to as a "Dresser" order, or a "provisional grant" of the motion. This order simply refers the motion to the trial court to resolve the fee issue including the relative financial circumstances of the parties and the merits of the respective positions of the parties. In addition, this order allows the trial court to consider all factors, including those in Rosen, and expresses no opinion of the appellate court on what weight those factors should be given.
4. "The motion for appellate attorney's fees is remanded to the trial court. If the movant establishes his or her entitlement pursuant to section 61.16, Florida Statutes, and Rosen v. Rosen, 696 So.2d 697 (Fla.1997), the trial court is authorized to award the movant all or a portion of the reasonable appellate attorney's fees. This court concludes that the appeal by the [husband] [wife] lacked merit, and therefore the trial court should give great weight to the factors set forth in Rosen."
We are optimistic that we will rarely need to enter this order. This order reflects that this court has concluded that the appeal lacked merit.[6] On remand, the trial court must accept this ruling and apply that factor accordingly. This determination, however, will not be fully dispositive of the motion because no single factor dictates an outcome to the trial court.
5. "The motion for appellate attorney's fees is remanded to the trial court. If the movant establishes his or her entitlement pursuant to section 61.16, Florida Statutes, the trial court is authorized to award the movant all or a portion of the reasonable appellate attorney's fees. The merit of the respective positions of the parties in this appeal is not a factor that the trial court need consider."
Because most appeals in domestic cases are filed when a party has a legitimate issue to present to this court, this order should be the most common order rendered in response to a meritorious motion for appellate fees under section 61.16. It will be issued when the appellate record reflects a good faith basis for the appeal, and thus the issue of entitlement should be determined solely based upon the relative financial needs of the parties. In section I of this opinion, we issue this type of order.
In closing, we note the Fourth District in White v. White, 695 So.2d 381 (Fla. 4th DCA 1997), announced that an order simply granting a motion for appellate attorney's fees in a domestic relations, *1135 without more, is only a determination that the trial court should further address the matter. Thus, the appellate court is presumed to have not decided entitlement when the order is otherwise silent. Although we hope to issue more specific orders in the future, we recognize that on occasion an order may issue that is silent as to whether this court has determined entitlement. In an effort to maintain consistency with the Fourth District in White, a decision with which we do not intend to conflict, and to potentially err on the side of caution, we adopt the procedure in White. A trial court in this district presented with an appellate order granting attorney's fees that does not further explain the ruling is entitled to consider all issues presented by the motion.
STRINGER, J., and LENDERMAN, JOHN C., Associate Judge, concur.
NOTES
[1] There is a small exception to this rule in probate proceedings. Bissmeyer v. Southeast Bank, N.A., 596 So.2d 678 (Fla. 2d DCA 1991).
[2] The most common example of this situation is a case in which an insured on remand must establish a right to insurance benefits. § 627.428, Fla.Stat. (2000).
[3] See also § 742.031(1), Fla.Stat. (1999) (permitting court to require father to pay reasonable attorney's fees "if appropriate").
[4] These factors include: "the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation." Rosen v. Rosen, 696 So.2d 697, 700 (Fla.1997).
[5] We note, however, that the recent revision of section 57.105, Florida Statutes (1999), may make a fee award based upon this statute a more fact intensive determination. See ch. 99-225, Fla. Laws.
[6] A determination by this court that an appeal lacked merit for purposes of Rosen, 696 So.2d 697, should not be equated with a determination that the appeal is "frivolous" for the purposes of section 57.105 or section 61.16(1), Florida Statutes (1999), which has more serious consequences.