NORTHCUTT, Judge.
The circuit court entered a final judgment awarding Crane Environmental attorneys’ fees as a sanction for the discovery violations of the defendants, Edward Closuit, Myriam Murphy, and Andalite Industries.[1] The defendants challenge this judgment on four grounds, but we find merit in only one. We reverse the attorneys’ fees awarded for Crane’s counsels’ time spent in responding to a petition for common law certiorari filed in this court. We affirm the judgment in all other respects.
The petition for certiorari sought review of the circuit court’s order striking the defendants’ trade secret objections to *653 Crane’s request for production of documents. Crane’s counsel responded to the petition but did not file a motion for attorneys’ fees with this court. We subsequently denied the defendants’ petition.
The circuit court determined that Crane was entitled to attorneys’ fees as a sanction for the defendants’ numerous discovery violations. Crane’s attorneys requested $36,442 in fees attributable to their time spent in responding to the petition for certiorari. The circuit court was aware that Crane had not sought fees in this court, but it awarded Crane that amount “as a deterrent and as a sanction.” We understand the court’s frustration with the defendants’ behavior. However, absent an authorization from this court, the circuit court had no authority to award attorneys’ fees for services in this court, even as a sanction. Wood v. Steen, 830 So.2d 965, 966 (Fla. 1st DCA 2002).
We reverse the portion of the judgment that awards $36,442 for Crane’s counsels’ time spent in responding to the petition for writ of certiorari. Otherwise, we affirm.
STRINGER and CANADY, JJ., concur.

. We have jurisdiction to review this judgment. See Ruppel v. Gulf Winds Apartments, Inc., 508 So.2d 534 (Fla. 2d DCA 1987); Nielsen v. Joannou, 835 So.2d 1219 (Fla. 5th DCA 2003).