NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BARTOW HMA, LLC a/k/a BARTOW               )
REGIONAL MEDICAL CENTER,                   )
                                           )
        Appellant,                         )
                                           )
v.                                         )        Case No. 2D13-3483
                                           )
OLLIE J. KIRKLAND; LARRY D.                )
THOMAS, M.D.; JAMES R. SMITH,              )
M.D.; LINDA HOLT; SCHUMACHER               )
GROUP OF FLORIDA, INC.; POLK               )
EMERGENCY GROUP, LLC,                      )
                                           )
        Appellees.                         )
_____)

Opinion filed September 3, 2014.

Appeal from the Circuit Court for Polk
County; J. Dale Durrance, Judge.

Dinah Stein and Mark Hicks of Hicks, Porter,
Ebenfeld & Stein, P.A., Miami, and Michael
A. Petruccelli and Paul C. Buckley of Fann &
Petruccelli, P.A., Ft. Lauderdale, for
Appellant.

John W. Frost, II, and Lydia S. Zbrzeznj of
Frost Van den Boom & Smith, P.A., Bartow,
for Appellee Ollie J. Kirkland.

No appearance for remaining Appellees.


RICE, ELIZABETH G., Associate Judge.

Bartow HMA, LLC appeals the trial court's order awarding $23,761 in attorney's fees ("fee order") to Ollie J. Kirkland as a discovery sanction in the underlying medical malpractice case. Because the trial court lacked jurisdiction to award $21,252 in appellate attorney's fees, we reverse that portion of the fee award only.

## Facts and Procedural Background

Following a discovery dispute in which Bartow HMA argued that certain documents sought by Kirkland were protected, the trial court ordered the requested documents be produced. Bartow HMA thereafter filed a petition for writ of certiorari to the Second District Court of Appeal seeking to quash the order to produce. The petition was denied. During the certiorari proceeding, Kirkland did not seek attorney's fees nor were any attorney's fees authorized or awarded by this court.

Kirkland then filed in the trial court a renewed motion to compel production of the documents that were the subject of the certiorari proceeding. In her motion, Kirkland also sought the "award of attorney's fees and costs associated with the filing of this motion and for such other relief this court deems just and proper." After a hearing on the motion to compel, the trial court granted the motion and entered an order explicitly providing that "Plaintiff's request for attorney[']s fees and costs as relates to obtaining the documents and this Motion is hereby GRANTED, with the Court reserving only as to amount." The order further required Kirkland to file an affidavit as to attorney's fees and costs. If Bartow HMA agreed with the fee amount, it was to pay the agreed amount to Kirkland's counsel; if it disagreed with the amount, the matter was to be set for hearing. Pursuant to the trial court's order, Kirkland's counsel provided

Bartow HMA an affidavit of attorney's fees and a fee schedule reflecting $2,034[1] in fees. The parties unfortunately were unable to reach an agreement as to the fee amount, and on March 28, 2013, Kirkland noticed the matter for hearing, in accordance with the order.

The hearing to establish the amount of fees was held nearly two months later on May 21, 2013. Minutes before the hearing commenced, Kirkland's counsel provided Bartow HMA's counsel a new attorney's fee affidavit. Exhibit A to this second affidavit, entitled "Attorneys' Fees Incurred in Compelling Bartow Regional to Produce Discovery Documents," provided detail of $2,509 in fees, composed of $2,034 purportedly incurred in preparing the motion and attorney's fee affidavit and $475 purportedly incurred in preparing for the fee hearing itself. Exhibit B, entitled "Appellate Attorneys' Fees for Case No. 2D12-1196 Filed on March 8, 2012," provided detail of the $21,252 in fees purportedly incurred by Kirkland from March 12, 2012, to June 25, 2012, in "obtaining the documents." On June 24, 2013, the trial court entered the fee order on appeal in which it awarded Kirkland all the attorney's fees she sought. The award included not only Kirkland's counsel's work before the trial court in pursuing the motion to compel, but also all of the time spent defending the certiorari petition before this court and preparing for the attorney's fee hearing.

---

[1]In reviewing Kirkland's first attorney's fee affidavit, it appears Kirkland made a mathematical error in calculating the total amount of fees she had incurred. Kirkland overstated her fees by $25; the total value given was $2,059, even though the stated hours and rates added up to only $2,034. The error was discovered and corrected by Kirkland in Exhibit A "Attorneys' Fees Incurred in Compelling Bartow Regional to Produce Discovery Documents" attached to Kirkland's second attorney's fee affidavit.

**Discussion**

Bartow HMA raises four issues on appeal. The first three address the award of appellate fees. Because we agree with Bartow HMA's jurisdictional argument, we do not address its remaining challenges to the appellate fees award as they have been rendered moot. We address Bartow HMA's fourth issue merely to explain this court's rationale for affirming the trial court's award of $2,509 in attorney's fees.

I.  *Whether the trial court lacked jurisdiction to award Kirkland appellate attorney's fees.*

Bartow HMA argues that the trial court erred in awarding fees to Kirkland for time incurred defending Bartow HMA's petition for writ of certiorari filed before this court. Specifically, Bartow HMA argues that because Kirkland filed no motion for appellate attorney's fees in the certiorari proceeding, and because this court has not authorized any such fees, the trial court lacked jurisdiction to award them. Because a trial court has no authority to award appellate attorney's fees absent specific authorization from the appellate court, the trial court lacked jurisdiction to award the $21,252 in fees sought by Kirkland, and therefore, this portion of the award must be reversed.

"A trial court cannot award appellate attorney's fees unless the appellate court has authorized such an award." Rados v. Rados, 791 So. 2d 1130, 1131 (Fla. 2d DCA 2001). This is because appellate courts generally have exclusive jurisdiction to award appellate attorney's fees. Respiratory Care Servs., Inc. v. Murray D. Shear, P.A., 715 So. 2d 1054, 1056 (Fla. 5th DCA 1998). To pursue a claim for appellate attorney's fees, litigants accordingly are "required to file a motion in the appellate court under rule 9.400(b), stating the legal basis for the claim." Rados, 791 So. 2d at 1131-32. This

requirement applies equally to certiorari proceedings before the appellate court. See Closuit v. Crane Envtl., Inc., 850 So. 2d 652, 653 (Fla. 2d DCA 2003). Absent an appellate court's authorization, a circuit court has "no authority to award attorneys' fees for services in [the appellate] court, even as a sanction." Id. at 653 (emphasis added) (reversing portion of judgment awarding fees for time spent in responding to petition for writ of certiorari); see also Wood v. Steen, 830 So. 2d 965, 966 (Fla. 1st DCA 2002). Here, it is undisputed that Kirkland filed no motion for attorney's fees during the certiorari proceeding, and none were authorized by this court.

Kirkland seeks to sidestep this well-established law by arguing that the fees incurred in defending the certiorari proceedings were not "appellate" fees, but merely fees incurred in "obtaining the documents." Hence, Kirkland contends, the trial court properly had jurisdiction to award such fees. This argument is devoid of merit and so nonsensical, it borders on frivolity. Kirkland's argument, if accepted, would permit a trial court, through the power of the pen, to effectuate an "end run" around this court's (or for that matter, any other type of court's), exclusive jurisdiction. Neither Kirkland in its strategic crafting of the fee order language nor the trial court in adopting Kirkland's "phraseology" in its fee order can alter the true nature of the fees at issue. Quite simply, as Kirkland's own second fee affidavit clearly reflects, these fees are "Appellate Attorneys' Fees for Case No. 2D12-1196 Filed on March 8, 2012."

For these reasons, we reject Kirkland's argument and conclude that the trial court awarded fees for "time spent in responding to the petition for writ of certiorari," and thus the award must have been authorized by the appellate court to stand. Closuit, 850 So. 2d at 653. As no such fees were authorized or awarded by this court in the

certiorari proceeding, the trial court lacked jurisdiction to award the fees at issue. We likewise conclude that the limited exception for probate proceedings described in Kirkland's answer brief is inapplicable to this case. See In re Estate of Udell, 501 So. 2d 1286 (Fla. 4th DCA 1986); see also Bissmeyer v. Southeast Bank, N.A., 596 So. 2d 678, 679 (Fla. 2d DCA 1991) (declining to consider motion for attorney's fees for services rendered in appeal of probate matter because such motion rests within the exclusive province of the circuit court).

II.    *Whether the $2,509 awarded to Kirkland for trial court fees presents reversible error.*

Bartow HMA additionally argues that the portion of the fees award addressing time spent in the trial court likewise was improper. Specifically, it argues that because no motion for sanctions was set for the May 21, 2013, hearing, it was improper for the trial court to award fees as a sanction. Although not expressly stated in its briefs, this argument appears to rely on the due process requirement of notice. However, as Bartow HMA unquestionably had notice that the hearing would address the amount of fees to which the prior order granted entitlement, we conclude this argument is meritless. Attorney's fees awards for which the trial court has jurisdiction are reviewed for an abuse of discretion. See, e.g., DiStefano Constr., Inc. v. Fidelity & Deposit Co. of Md., 597 So. 2d 248, 250 (Fla. 1992) ("[T]he award of attorney's fees is a matter committed to sound judicial discretion which will not be disturbed on appeal, absent a showing of clear abuse of discretion.").

The March 28, 2013, notice of hearing clearly provided that the hearing would address the amount of fees "pursuant to the Court's Orders on Plaintiff's Motion to Compel Documentation in Accordance with Plaintiff's Request for Production from

Defendant, Bartow HMA, LLC dated 9/21/12 and 1/18/13." Although the record fails to include any relevant filings—neither motions nor orders—dated January 18, 2013, the language on the notice clearly indicates the hearing would address the amount of fees awarded under the September 21, 2012 order granting the motion to compel. Any argument by Bartow HMA that it lacked notice that the hearing would address fees for time spent litigating the production of the documents is specious. The single case cited by Bartow HMA in support of this argument is amply distinguishable and fails to affect the analysis. See Joseph S. Arrigo Motor Co., Inc. v. Lasserre, 678 So. 2d 396, 397 (Fla. 1st DCA 1996) (reversing trial court's order granting motion to compel and ordering payment of fees where trial court "prematurely rendered th[e] order prior to the date set for hearing, thereby depriving [the Appellant] an opportunity to be heard on the motion"). In this case, the fee hearing occurred before the fee order was entered, and Bartow HMA had both notice and an opportunity to be heard. We therefore conclude that the trial court did not abuse its discretion in awarding fees for the time spent before the trial court.

Bartow HMA argues alternatively that the fee award should be reduced to the amount Kirkland requested in her first affidavit. Like the primary argument advanced in support of the second issue above, this one is predicated in part on an allegation of improper notice. Bartow HMA additionally argues in the alternative that such fees are non-compensable because a party is not entitled to fees incurred in assessing the amount of fees. However, because a close review of the record reveals that neither of these alternative arguments was advanced in the trial court, they are unpreserved for appellate review. See, e.g., Braddy v. State, 111 So. 3d 810, 836 (Fla.

- 7 -

2012) ("We have repeatedly held that in order to preserve an issue for appellate review, the <u>specific</u> legal argument or ground upon which it is based must be presented to the trial court.") (citations and internal quotation marks omitted).

## **Conclusion**

Because the trial court lacked jurisdiction to award Kirkland appellate attorney's fees, we reverse the trial court's attorney's fee award of $21,252. We affirm the remainder of the fee order and the trial court's award of attorney's fees to Kirkland in the amount of $2,509.

Affirmed in part; reversed in part.

WALLACE and SLEET, JJ., Concur.