NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BENNY G. SANTIAGO, a/k/a )
BENITO G. SANTIAGO, )
         )
      Appellant, )
         )
v. )     Case No. 2D13-1205
         )
SUNSET COVE INVESTMENTS, INC., )
         )
      Appellee. )
         )

Opinion filed November 20, 2015.

Appeal from the Circuit Court for
Hillsborough County; James H. Barton, II,
Judge.

Brian C. Chase of Meridian Partners,
Tampa, for Appellant.

David M. Carr of David Michael Carr, P.A.,
Tampa; and Matias Blanco, Jr., Tampa, for
Appellee.

MORRIS, Judge.

      Benito Santiago appeals a final judgment awarding sanctions against him

and in favor of Sunset Cove Investments. Santiago raises six issues relating to the

award of sanctions. However, we find merit only in one: that the trial court's inclusion of

appellate attorneys' fees in the sanctions was erroneous because Sunset Cove never

moved for attorneys' fees in this court. He also challenges the underlying 2005 order finding him in contempt, but we conclude that his challenge is barred by the law of the case doctrine. Sunset Cove has moved for appellate attorneys' fees pursuant to section 57.105(1)(b), Florida Statutes (2015), based on Santiago's challenge to the 2005 contempt order, and as explained herein, we grant that motion solely as against Santiago's counsel.

**I. The Trial Court Erred by Including Appellate Attorneys' Fees in the Award of Sanctions.**

We review a trial court's determination of entitlement to attorneys' fees for abuse of discretion. See Discovery Experimental & Dev., Inc. v. Dep't of Health, 824 So. 2d 195, 196 (Fla. 2d DCA 2002). Here, we find it unnecessary to include a complete recitation of the facts because the inclusion of appellate attorneys' fees in the trial court's award is an abuse of discretion based on the undisputed facts.

We have previously held that "[a] trial court cannot award appellate attorney's fees unless the appellate court has authorized such an award." Bartow HMA, LLC v. Kirkland, 146 So. 3d 1213, 1215 (Fla. 2d DCA 2014) (quoting Rados v. Rados, 791 So. 2d 1130, 1131 (Fla. 2d DCA 2001)). Parties are required to file a motion for appellate attorneys' fees in this court during an appeal because this court has exclusive jurisdiction to award such fees. See id. "Absent an appellate court's authorization, a circuit court has 'no authority to award attorney's fees for services in [the appellate] court, *even as a sanction.*' " Id. (alteration in original) (quoting Closuit v. Crane Envtl., Inc., 850 So. 2d 652, 653 (Fla. 2d DCA 2003)).

It is undisputed that Sunset Cove never sought appellate fees during prior appeals between the parties in this court, nor did this court ever authorize such an

award. We reject Sunset Cove's contention that Santiago waived any challenge to the award of appellate attorneys' fees because he conceded that the amount of the fees was reasonable. Santiago's agreement about the reasonableness of the amount does not negate his strenuous objection below as to Sunset Cove's entitlement to such fees. Further, while a party opposing an attorneys' fees award generally "has the burden of pointing out with specificity which hours should be deducted," Levine v. Keaster, 862 So. 2d 876, 882 (Fla. 4th DCA 2003), the fact that Santiago did not do so here is not an impediment to granting him relief. This is because Sunset Cove conceded below that appellate fees were included in the amount requested. Consequently, we reverse the order awarding sanctions to the extent that it includes appellate attorneys' fees. On remand, the trial court shall determine what portion of the award constitutes appellate attorneys' fees and shall deduct that amount accordingly. In all other respects, the order awarding sanctions is affirmed.

**II. Santiago Is Barred by the Law of the Case Doctrine From Challenging the 2005 Contempt Order.**

We also write briefly to address Santiago's challenge to the 2005 contempt order. The underlying dispute involved a real estate deal gone awry. After Sunset Cove filed suit, the parties entered into a mediated settlement agreement which was then incorporated into a final judgment. The subsequent contempt order was based on Santiago's refusal to close on the real estate deal and his election to instead sell the relevant properties to a third-party purchaser. Santiago contends that he should not have been held in contempt because the final judgment did not prohibit him from selling the properties to a third-party purchaser once the ninety-day closing deadline expired.

However, in an earlier appellate proceeding between the parties, <u>Santiago v. Sunset Cove Investments, Inc.</u>, 2D07-1598, Santiago filed a petition to enforce writ of prohibition and/or for expedited order to show cause or stay, writ of prohibition or alternative writs and remedies. In the petition, he made the same argument: because the final judgment contained no specific or express terms regulating or prohibiting the sale of the property after the designated closing deadline lapsed, his sale of the properties to the third-party purchaser could not support a finding that he willfully violated the final judgment. On April 13, 2007, we denied with prejudice the portion of the petition raising that ground.[1] The denial with prejudice constituted a decision on the merits. <u>See</u> <u>Sumner v. Sumner</u>, 707 So. 2d 934, 935 (Fla. 2d DCA 1998); <u>see also</u> <u>Barwick v. State</u>, 660 So. 2d 685, 691 (Fla. 1995), <u>abrogated on other grounds by</u> <u>Topps v. State</u>, 865 So. 2d 1253 (Fla. 2004). We subsequently denied his motion for rehearing on that point. Consequently, because that issue has already been decided by this court, the law of the case doctrine applies. <u>See</u> <u>Specialty Rests. Corp. v. Elliott</u>, 924 So. 2d 834, 837 (Fla. 2d DCA 2005). We decline to alter the law of the case on this issue.

**III. Sunset Cove is Entitled to Appellate Attorneys' Fees Pursuant to Section 57.105(1)(b) as Against Santiago's Counsel Only.**

Sunset Cove seeks appellate attorneys' fees pursuant to section 57.105(1) and requests separate judgments against both Santiago and his counsel. We agree with Sunset Cove that because Santiago's challenge to the 2005 contempt order is

---

[1]The denial was rendered via unpublished order. The proceeding was then partially converted into a nonfinal appeal to address another unrelated ground that ultimately resulted in an opinion. <u>See</u> <u>Santiago v. Sunset Cove Invs., Inc.</u>, 988 So. 2d 10 (Fla. 2d DCA 2008).

based on the same argument that he made in his prior petition for writ of prohibition, which we denied with prejudice, his presentation of the argument in this case is not supported by the application of existing law to the material facts. Consequently, Sunset Cove is entitled to an award of appellate attorneys' fees pursuant to section 57.105(1)(b). We find no merit in Santiago's contention that Sunset Cove cannot recover fees because it is not the prevailing party on appeal. This is because section 57.105(1) provides in relevant part that

> the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on <u>any claim</u> or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
> (a) Was not supported by the material facts necessary to establish the claim or defense; or
> (b) Would not be supported by the application of then-existing law to those material facts.

(Emphasis added.) Because the statute refers to "any claim or defense," it does not require that the entire action be unsupported by material facts or the application of then-existing law. See <u>Albritton v. Ferrera</u>, 913 So. 2d 5, 8 (Fla. 1st DCA 2005) (citing <u>Mullins v. Kennelly</u>, 847 So. 2d 1151, 1154 (Fla. 5th DCA 2003)). We note that at least one Florida court has sanctioned a party's counsel for filing a brief containing an argument that had already been raised and ruled upon in a prior appeal. See <u>Waddington v. Baptist Med. Ctr. of the Beaches, Inc.</u>, 78 So. 3d 114, 117 (Fla. 1st DCA 2012). However, because we base the award of appellate attorneys' fees on section 57.105(1)(b), the fees may only be awarded as against Santiago's counsel. See § 57.105(3)(c) (prohibiting the imposition of sanctions pursuant to section 57.105(1)(b)

- 5 -

against a represented party); see also Waddington, 78 So. 3d at 117.  We therefore grant Sunset Cove's motion and award Sunset Cove its reasonable attorneys' fees that were incurred for defending the claim related to the 2005 contempt order; the fees shall be paid in full by Santiago's counsel.  See Waddington, 78 So. 3d at 117.  We remand for the trial court to determine the amount.

Affirmed in part, reversed in part, and remanded with instructions.

VILLANTI, C.J., and BADALAMENTI, J., Concur.