NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ROBERT BLINN, )
         )
        Appellant, )
         )
v. )     Case Nos.  2D17-2565
         )                  2D17-3601
WEST SHORE VILLAS OF NAPLES )
OWNERS ASSOCIATION, INC., )     CONSOLIDATED
         )
        Appellee. )
_____ )

Opinion filed April 25, 2018.

Appeals from the Circuit Court for Collier
County; James R. Shenko, Judge.

Andrew B. Greenlee of Andrew B. Greenlee,
P.A., Sanford, for Appellant.

Robert G. Menzies of FisherBroyles, LLP,
Naples, for Appellee.

VILLANTI, Judge.

        In these consolidated appeals, Robert Blinn appeals the final judgment

entered in favor of West Shore Villas of Naples Owners Association, Inc. (the

Association), in Blinn's action against the Association for trespass, breach of the

declaration of covenants, and private nuisance and a second final judgment awarding

the Association its attorney's fees.

We reject without comment Blinn's arguments relating to the substantive final judgment concerning whether his claims were barred by the statute of limitations, waiver, or laches. However, as to the attorney's fees judgment, Blinn is correct that the trial court erred when it included in that judgment the Association's appellate attorney's fees incurred in an earlier appeal in which this court specifically denied the Association's motion for appellate fees. See, e.g., Bartow HMA, LLC v. Kirkland, 146 So. 3d 1213, 1215 (Fla. 2d DCA 2014) ("A trial court cannot award appellate attorney's fees unless the appellate court has authorized such an award." (quoting Rados v. Rados, 791 So. 2d 1130, 1131 (Fla. 2d DCA 2001))). The Association has properly conceded error. Hence, on this limited point, we reverse the final judgment awarding attorney's fees and remand for the trial court to recalculate the fee award after deducting the improper appellate attorney's fees. In all other respects, we affirm.

Affirmed in part, reversed in part, and remanded.


MORRIS and BADALAMENTI, JJ., Concur.