# Third District Court of Appeal

## State of Florida

Opinion filed December 16, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0240
Lower Tribunal No. 18-30482
_____


## H Greg Auto Pompano, Inc., et al.,
Appellants,

vs.

## William Raskin, et al.,
Appellees.


An appeal from a nonfinal order the Circuit Court for Miami-Dade County, Martin Zilber, Judge.

Birnbaum, Lippman and Gregoire, PLLC, and Nancy W. Gregoire, and Juliette E. Lippman (Fort Lauderdale); and Quinton and Paretti, P.A., and Kenneth L. Paretti, for appellants.

Law Offices of Kramer & Klingsberg, and Debra D. Klingsberg, and George W. Kramer (Delray Beach), for appellees.


Before EMAS, C.J., and LOGUE, and MILLER, JJ.

MILLER, J.

We affirm the nonfinal order under review without elaboration, see HHH Motors, LLP v. Holt, 152 So. 3d 745 (Fla. 1st DCA 2014), and write only to address the propriety of granting appellees' motion for appellate attorney's fees under Florida Rule of Appellate Procedure 9.400 and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") section 501.2105, Florida Statutes (2020). Persuaded of the untimeliness of the submission, we grant appellants' motion to strike.

"[I]n order to invoke the jurisdiction of the court to award [appellate] fees, the party seeking attorney's fees must timely file a motion pursuant to Florida Rule of Appellate Procedure 9.400(b), in the appellate court." Respiratory Care Servs., Inc. v. Murray D. Shear, P.A., 715 So. 2d 1054, 1056 (Fla. 5th DCA 1998). In appeals, the motion for fees "shall be served not later than . . . the time for service of the reply brief." Fla. R. App. P. 9.400(b)(1). This time is circumscribed by Florida Rule of Appellate Procedure 9.210(f), which provides "the reply brief, if any, shall be served within [thirty] days after service of the answer brief."

Here, the answer brief was electronically transmitted through the Florida Courts E-Filing Portal. See Fla. R. Jud. Admin. 2.516(d) ("All documents must be filed with the court either before service or immediately thereafter."). Although docketed on Monday, April 20, 2020, the electronic stamp of the clerk reflects the brief was received, hence filed, on Sunday, April 19, 2020. See Fla. R. Jud. Admin.

2.525(f)(3) ("The filing for an electronically transmitted document" is defined as "the date and time that such filing is acknowledged by an electronic stamp or otherwise, pursuant to any procedure set forth in any E[lectronic] C[ourt] F[iling] Procedures approved by the supreme court, or the date the last page of such filing is received by the court or clerk."). Consequently, the thirty-day time limit for filing the reply brief began to run on Monday, April 20, 2020. See Fla. R. App. P. 9.420(e) ("Computation of time shall be governed by Florida Rule of Judicial Administration 2.514."); Fla. R. Jud. Admin. 2.514(a)(1)(A) ("When the period is stated in days or a longer period of time . . . begin counting from the next day that is not a Saturday, Sunday, or legal holiday."). Thus, "the time for service of the reply brief" expired on Tuesday, May 19, 2020, rendering the motion for fees, filed on Wednesday, May 20, 2020, untimely under Florida Rule of Appellate Procedure 9.400(b). Fla. R. App. P. 9.400(b)(1).

As the language within Rule 9.400 is mandatory, our high court has determined the failure to comply with the time constraints set forth in Rule 9.400 is a valid justification for denying fees, and, here, having not been presented with a valid reason for noncompliance, we grant the motion to strike. [1]  See Hicks v.

---

[1] Although under section 501.2105(1), Florida Statutes, a prevailing party may not "receive" fees and costs until "after judgment in the trial court and exhaustion of all appeals," we decline to depart from the well-established tenet that absent authorization from the appellate court, a "trial court [is] not possessed of the jurisdiction to fix fees for appellate services." Rubin v. Sanford, 198 So. 2d 856,

<u>Miranda</u>, 422 U.S. 332, 352, 95 S. Ct. 2281, 2293, 45 L. Ed. 2d 223 (1975) (Burger, C.J., concurring) ("It is well settled that 'shall' means 'must.'") (citation omitted); <u>Must</u>, <u>Garner's Dictionary of Legal Usage</u> (3d ed. 2011) ("The normative must may be merely a strong ought or an absolute requirement."); <u>see also</u> <u>Salley v. City of St. Petersburg</u>, 511 So. 2d 975, 977 (Fla. 1987), <u>receded from on other grounds by</u> <u>United Servs. Auto. Ass'n v. Phillips</u>, 775 So. 2d 921 (Fla. 2000) ("[T]he failure to file a motion for attorney's fees in accordance with Florida Rule of Appellate Procedure 9.400(b) is a proper basis for the denial of attorney's fees on appeal."); <u>Lobel v. Southgate Condo. Ass'n, Inc.</u>, 436 So. 2d 170, 171 (Fla. 4th DCA 1983).

Order affirmed; motion to strike granted.

---

857 (Fla. 3d DCA 1967) (citations omitted); <u>see</u> <u>Louth v. Williams</u>, 643 So. 2d 69, 70 (Fla. 2d DCA 1994) (where appellee sought attorney's fees in the trial court for the fees incurred in appellate court proceeding the "trial court did not have jurisdiction to make an award of appellate attorney's fees"); <u>see also</u> <u>Rados v. Rados</u>, 791 So. 2d 1130, 1132 (Fla. 2d DCA 2001) ("[A] litigant who wants to pursue a claim for appellate attorney's fees is required to file a motion in the appellate court under rule 9.400(b), stating the legal basis for the claim.") (citation omitted); <u>Foley v. Fleet</u>, 652 So. 2d 962, 963 (Fla. 4th DCA 1995) ("While it seems anomalous to require a motion for prevailing party attorney's fees to be filed or considered in an interlocutory appellate proceeding, since that proceeding will not determine who ultimately prevails, it is necessary because without authorization from an appellate court, a trial court cannot award attorney's fees for services rendered on an appeal.") (citations omitted); <u>Travelers Indem. Co. of Am. v. Morris</u>, 390 So. 2d 464, 465 (Fla. 3d DCA 1980), <u>disapproved on other grounds by</u> <u>Pepper's Steel & Alloys, Inc. v. United States</u>, 850 So. 2d 462 (Fla. 2003) ("[S]ince we did not remand the issue to the lower tribunal as permitted by Fl[orida] R[ule of] App[ellate] P[rocedure] 9.400(b), the trial court lacked jurisdiction to award fees for services related to the earlier appeal.") (citation omitted).

4