# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 6D23-3012
Lower Tribunal No. 17-CA-51

———————————————

SUNIL MALKANI, ACES OF NAPLES, LLC, and FRATER LAW FIRM, P.A.,

Petitioners,

v.

DOUGLAS HANNAH,

Respondent.

———————————————

Petition for Writ of Certiorari to the Circuit Court for Collier County.
Lauren L. Brodie, Judge.

January 12, 2024

BROWNLEE, J.

The defendants below, Sunil Malkani ("Malkani") and Aces of Naples, LLC ("Aces"), along with Frater Law Firm, P.A. ("Frater"), petition this court for a writ of certiorari to quash a discovery order entered below and for a writ of prohibition to stop the trial court from "proceeding further" on the issue of appellate attorney's fees. Petitioners argue the trial court exceeded its jurisdiction when it directed Malkani to reimburse his co-defendant and co-appellant, Aces, for a portion of its appellate attorney's fees, where no appellate court awarded attorney's fees to any

party, and where Aces itself never asked for such fees.  Because we agree the trial court lacked jurisdiction to award appellate attorney's fees and now lacks jurisdiction to determine the amount of those fees, we grant the petition, in part, and issue a writ of prohibition.

Despite the extensive litigation between the parties to this appeal, few facts are relevant to the instant petition.  Respondent Hannah sued Malkani and Aces for, *inter alia*, declaratory relief.  Hannah prevailed, and the trial court entered an order "declaring that [Hannah] is a 50% member of [Aces]."  Malkani and Aces appealed that declaratory judgment and then filed an emergency motion to stay enforcement of the judgment pending the appeal in the trial court.  After a hearing, the trial court granted the motion, set forth several conditions of stay, and reserved "jurisdiction to charge [Malkani] for a portion of any attorney's fees paid by Aces in the appeal in the event [Malkani and Aces] are not successful on appeal."  Aces, however, never asked the trial court for that relief.

Malkani and Aces ultimately lost the appeal.  *Malkani v. Hannah*, 313 So. 3d 92 (Fla. 2d DCA 2020).  No party moved for attorney's fees in the appellate court, and the appellate court never entered any order on attorney's fees.  Following the affirmance, however, Hannah served a Motion to Lift Stay and Assess Attorney's Fees seeking, in part, entry of an order finding Malkani responsible for fifty percent

2

of the attorney's fees that Aces incurred on appeal. Hannah argued that "otherwise, [Hannah] will have paid to litigate against himself."

The trial court granted Hannah's motion to lift the stay. As to the attorney's fees issue, the trial court ordered Malkani to "reimburse [Aces] for the attorney['s] fees expended by [Aces] for the appeal during the period of the stay of execution of the judgment." Malkani and Aces moved for reconsideration, to no avail.

Hannah then served a series of discovery requests related to Aces' appellate attorney's fees, in order to determine the amount of fees expended on appeal. That discovery included requests for production to Malkani and Aces and a notice of production from nonparty and a subpoena duces tecum, without deposition, to Frater. Malkani and Aces objected to the discovery requests. Hannah then filed a motion to overrule the objections and prevailed. The trial court directed Malkani and Aces to respond to the outstanding discovery within ten days of the hearing.

Malkani and Aces now ask this court to quash the order compelling the discovery by issuing a writ of certiorari, and to restrain the trial court from enforcing its order requiring Malkani to reimburse Aces for its appellate attorney's fees by issuing a writ of prohibition. Because we conclude that the trial court is exceeding its jurisdiction and that Petitioners are entitled to a writ of prohibition, we need not also decide whether they are entitled to a writ of certiorari.

"Prohibition is an extraordinary writ . . . by which a superior court . . . may prevent [an] inferior court or tribunal from exceeding jurisdiction or usurping jurisdiction over matters not within its jurisdiction." *Stokes v. Jones*, 317 So. 3d 262, 263 (Fla. 1st DCA 2021) (quoting *English v. McCrary*, 348 So. 2d 293, 296 (Fla. 1977)). Thus, prohibition will lie to prevent a trial court from determining an attorney's fees award where it has no jurisdiction to do so. *See Friedman v. Grossman*, 490 So. 2d 1378, 1378-79 (Fla. 4th DCA 1986) (prohibition granted to prohibit trial judge from hearing question of attorney's fees when jurisdiction to consider fees was not reserved); *Lake Cnty. v. Fox*, 705 So. 2d 702, 702 (Fla. 5th DCA 1998) (granting petition for writ of prohibition to stop trial court from taking any further action on motion for attorney's fees where trial court was without jurisdiction to reconsider its attorney's fee award).

Appellate courts generally have exclusive jurisdiction to award appellate attorney's fees. *See Respiratory Care Servs., Inc. v. Murray D. Shear, P.A.*, 715 So. 2d 1054, 1056 (Fla. 5th DCA 1998). "A trial court cannot award appellate attorney's fees unless the appellate court has authorized such an award." *Bartow HMA, LLC v. Kirkland*, 146 So. 3d 1213, 1215 (Fla. 2d DCA 2014) (quoting *Rados v. Rados*, 791 So. 2d 1130, 1131 (Fla. 2d DCA 2001)). And, in order to seek an award of appellate attorney's fees, litigants must file a motion in the appellate court under Florida Rule of Appellate Procedure 9.400(b), setting forth the legal basis for their

4

claim. *Id.* (citing *Rados*, 791 So. 2d at 1131-32). "Absent an appellate court's authorization, a circuit court has 'no authority to award attorney's fees for services in [the appellate] court, *even as a sanction.*'" *Santiago v. Sunset Cove Invs., Inc.*, 198 So. 3d 658, 659 (Fla. 2d DCA 2015) (quoting *Bartow HMA*, 146 So. 3d at 1215).

In *Santiago*, the trial court awarded appellate attorneys' fees to Sunset Cove, despite that Sunset Cove "never sought appellate fees during prior appeals between the parties . . . nor did [the appellate] court ever authorize such an award." *Id.* Consequently, the Second District reversed the order awarding sanctions to the extent it included appellate attorneys' fees. *Id.* at 660.

Likewise, no party in this case, let alone Aces, filed a motion for attorney's fees in the appellate court, nor did the appellate court ever enter an order awarding attorney's fees to any party. This is unsurprising since there was no contractual or statutory basis for a fee award in this case. In fact, Aces never filed a motion for fees in the trial court. Nor did Aces ever seek to enforce the trial court's order purporting to reserve jurisdiction "to charge [Malkani] for a portion of any attorney's fees paid by Aces in the appeal." Hannah did that. While there may be exceptions to the rule that an appellate court has exclusive jurisdiction to award appellate attorney's fees, no such exception exists in this case. Without the proper motion and corresponding order from the appellate court, the trial court here lacked jurisdiction to award appellate attorney's fees to Aces.

It follows then that the trial court has no jurisdiction to order Malkani to pay a reasonable amount of appellate attorney's fees to Aces, to determine what that reasonable amount may be, or to take further action on the issue of appellate attorney's fees. We, therefore, grant the petition, in part, issue the writ of prohibition, and prohibit the trial court from taking any further action on the issue of appellate attorney's fees.

PETITION GRANTED, in part; WRIT ISSUED.

TRAVER, C.J., and WOZNIAK, J., concur.


Jonathan B. Sbar, Andrea K. Holder, and Jodi L. Corrigan, of Rocke, McLean & Sbar, P.A., and Steven L. Brannock and Sarah C. Pellenbarg, of Brannock, Berman & Seider, Tampa, for Petitioners.

Anthony M. Lawhon and Cary J. Goggin, of Anthony M. Lawhon, P.A., Naples, for Respondent.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED